[No. 14098.  Department One.  October 15, 1917.]

J. S. MARNEY, *Appellant*, v. INDUSTRIAL INSURANCE DEPARTMENT, *Respondent.*[1]

MASTER AND SERVANT—WORKMEN'S COMPENSATION—FINDINGS—RE- VIEW BY COURT.  Under Rem. Code, § 6604-20, providing that, in all court proceedings under the workmen's compensation act, the de- cision of the department shall be *prima facie* correct and the burden upon the party attacking the same, findings of the commission against a claim for compensation will be sustained unless the facts clearly preponderate against them.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 5, 1916, in favor of the defendant, denying a claim for compensation for personal injuries, upon appeal from a decision of the industrial in- surance department.  Affirmed.

*Thomas J. Wayne* and *Hugo Metzler*, for appellant.

*The Attorney General* and *Howard Waterman, Assistant*, for respondent.

MORRIS, J.—In February, 1916, appellant was an em- ployee of the Washington Water Power Company, of Spo- kane, and claims to have sustained an injury within the pro- visions of the industrial insurance act.  He applied to the commission for relief.  His claim was denied, and he then ap- pealed to the superior court of Spokane county, where the claim was again denied, and this appeal follows.

We shall not attempt to review the facts.  They have been twice passed upon and twice ruled against appellant.  What- ever the facts may be, the law is the same.  The conclusion of the commission must be sustained, unless the facts clearly preponderate against such conclusion.  We agree with both the commission and the lower court that appellant's case falls far short of showing him entitled to relief.  The case as a whole, with all its attendant and controlling circumstances,

[1]Reported in 167 Pac. 1085.

clearly preponderates against appellant. Section 6604-20, Rem. Code, provides that "in all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same." Appellant has not met the burden thus placed upon him, and if we were in doubt as to the preponderance of the facts, our decision, under this section, must necessarily go against appellant. We have, however, no doubt, but believe the commission adjudged the case correctly in the first instance.

Judgment is affirmed.

ELLIS, C. J., HOLCOMB, MAIN, and CHADWICK, JJ., concur.