[No. 14860. Department Two. February 11, 1919.]

EDNA C. HAMPSON et al., Appellants, v. D. K. WELT, Respondent, L. V. WELLS et al., Defendants.[1]

APPEAL (397)—PRESUMPTIONS—FINDINGS. Where the record on appeal fails to incorporate the evidence of the recording and indexing of a contract for the sale of land, as to which the appellants had the burden of proof, the findings of the trial court on such issue must be presumed to be correct.

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered February 7, 1918, in favor of one defendant, in an action for equitable relief, tried to the court. Affirmed.

*Eugene D. Clough* and *P. D. Smith,* for appellants.
*Wright, Kelleher & Allen,* for respondent.

PARKER, J.—This is an action to enforce a claimed vendee's lien upon land in Douglas county; that is,

[1]Reported in 178 Pac. 469.

to recover that portion of the purchase price which had been paid by plaintiffs, the Hampsons, to the defendants Wells and wife, upon a contract entered into between them for the sale of the land, and to have such recovery adjudged a lien upon the land, and that it be foreclosed as against defendant Welt, who became vested with the title thereto through the foreclosure of a mortgage thereon, executed and delivered to him by defendants Wells and wife after the execution of the contract of sale. Trial in the superior court for Douglas county resulted in a decree awarding recovery of a personal judgment against the defendants Wells and wife for the amount paid by the plaintiffs upon the purchase price, denying foreclosure of the claimed lien upon the land as against the defendant Welt, and decreeing him to be the owner of the land, free from the claim of lien. From this disposition of the case, the plaintiffs have appealed to this court, the controversy here resolving itself into one between the plaintiffs Hampson and the defendant Welt.

It is conceded that Welt had no actual knowledge of the existence of the sale contract between Wells and wife and the Hampsons until long after the giving of the mortgage to him by Wells and wife, under the foreclosure of which he acquired title to the land. Whether or not he had constructive notice of the sale contract when he received the mortgage we think becomes of primary importance here, since it must, in any event, first affirmatively appear in the record before us that there was then such record of the sale contract in the auditor's office of Douglas county as to impart constructive notice to Welt before we could say that the trial court's disposition of the case upon the merits was erroneous, no matter how we might view the other question, to wit, the question of the Hampsons waiv-

ing their claimed vendee's lien by the taking of other
security at the time of entering into the sale contract.

We have before us a statement of facts, duly certified
by the trial judge as containing "all the evidence both
oral and written offered and received in this cause."
There is no exhibit read into the statement of facts, at-
tached thereto, or referred to therein as such, purport-
ing to be a copy of, or having the slightest reference to,
the sale contract as being recorded or indexed in the
auditor's office. There is not a word, either in the body
of the statement of facts, or any exhibit made a part
thereof, touching the question of the recording or in-
dexing of the sale contract, other than the following:

"Mr. Clough: Plaintiffs wish to offer in evidence
the record, page 252, Volume 2, of the Land Contracts
of Douglas county. ·

"Mr. Wright: Defendants object to that, your
Honor, for the reason that it is not accompanied by
any showing of how this contract was indexed, and
we claim the indexing is an essential part of the rec-
ord in the auditor's office. This contract, as indexed,
doesn't contain any description whatever of the prop-
erty. Defendants object that the indexing is defec-
tive in that it does not show any description of the
land or reference to the land. Objection overruled.

"Mr. Clough: I offer to submit that page of the
record, and Mr. Wright insists that it is not admis-
sible on account of the defect. If he wishes that to be
considered he will have to show what the index is. I
am willing to have it all go in together if he wishes.

"The Court: That offer will be accepted. The ob-
jection overruled, in view of the statement of counsel
for plaintiff that the record shown on page 252, Vol-
ume 2 of Land Contracts in the auditor's office, to-
gether with the index to the page in question, be in-
cluded in the offer."

Now, manifestly this statement of facts, while evi-
dencing some talk seeming to state an offer of docu-
mentary proof, does not show the production there of

the documentary proof so offered; at least not so that we, having only the cold typewritten record before us, can know what such offered proof was. Indeed, this record does not suggest, other than by uncertain inference, that the trial court saw the offered documentary proof. But even if the trial court did see it, since it is not made a part of the statement of facts by exhibit or otherwise, we must proceed upon the theory that it was not such as to call for a decree other than such as the trial court rendered.

The trial court made no findings whatever touching Welt's rights, other than reciting in the decree that "the equities are with the defendant Welt as against the plaintiffs." This is all we know of the ground upon which the trial court rested its decree denying foreclosure of the claimed lien of appellants as against Welt. Therefore, since whether or not the contract was recorded in the auditor's office so as to impart constructive notice became a question of fact upon the trial as to which the burden of proof rested upon appellants, since we have no proof in this record upon that question, and since we must indulge in the presumption that the trial court's disposition of the case upon the merits was correct, especially in view of its findings as to the equities, there is, we think, no other course open to us but to affirm the decree. It is so ordered.

MOUNT, MAIN, FULLERTON, and HOLCOMB, JJ., concur.