[No. 17179. *En Banc.* January 2, 1923.]

ROBERT BAIRD, *Respondent,* v. INDUSTRIAL INSURANCE COMMISSION, *Appellant.*[1]

MASTER AND SERVANT (121-2)—ACTIONS—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—CAUSE OF CONDITION — EVIDENCE — SUFFICIENCY. On appeal from the department of public works on its denial of claim for compensation, the evidence sustains findings that gangrene and the amputation of a foot, two years after, resulted from the accident, where the employee suffered continual pain, tests excluded any other cause, and there was expert testimony that the gangrene might have resulted from that injury.

SAME (121-2)—REMEDIES OF WORKMAN—ALLOWANCE FOR HOSPITAL CARE. An injured employee is entitled to allowances for hospital and doctor's bills, under Rem. Code, § 6604-35, notwithstanding the employer's contract with a doctor, permitted under Id., § 6604-45, where it appears that such doctor charged and received a fee from the industrial insurance commission, and the doctor's contract, so far as shown, did not include hospital care.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 1, 1921, upon findings in favor of the plaintiff, in an action for compensation under the workmen's compensation act, tried on the merits to the court. Affirmed.

*The Attorney General* and *John H. Dunbar, Assistant,* for appellant.

*George F. Vanderveer,* for respondent.

HOLCOMB, J.—Respondent, while engaged in an extra hazardous occupation, was injured on March 26, 1919, by a large timber falling on the instep of his left foot. He quit work at this time and received first aid treatment at the hospital of the plant. He returned to work for his employer, Skinner & Eddy, on April 7, 1919, and worked there until October 1, 1919.

[1]Reported in 211 Pac. 742.

During this time, respondent had pain in his foot whenever he did much walking. He continued to work off and on until November, 1920, and on December 11, 1920, his foot was in such a condition that he deemed it advisable to consult a physician, which he did on the latter date. The physician consulted found gangrene in one of the toes of the injured foot and a bad condition of the whole left leg below the knee, and considered an amputation of the limb below the knee necessary at that time, but as respondent was anxious to avoid this, the physician performed three operations upon the toes at different intervals, the gangrene progressing steadily, and upon March 29, 1921, the limb was removed a short distance above the knee.

At the time of the injury, respondent was allowed $3.45 by the appellant as compensation. Respondent made no further application to appellant until after the amputation, and was not advised that he had the right to do so. When he did make the second application, under Rem. Code, § 6604-12, his claim was rejected, and an appeal taken to the superior court of King county, which made findings to the effect that "the gangrene which necessitated the operation was the result of the original injury and that respondent had incurred hospital bills amounting to $494 and doctor's bills amounting to $450, and that said sums were reasonable"; and the court further found that, "respondent's employer was at the time of the original injury under contract with Dr. Frank Horsfall, but there is no evidence to show when said contract expired, and that when respondent attempted to call upon Dr. Horsfall he could not find him but that prior to the major operation Dr. Horsfall was consulted."

The court further found $100 to be a reasonable sum as attorney's fees for the respondent. The court con-

cluded that respondent is entitled to additional compensation, both for loss of time and on account of his permanent partial disability, and that the case should be remanded with instructions to make further award in accordance with the findings and conclusions.

Appellant relies upon *Marney v. Industrial Insurance Department*, 98 Wash. 483, 167 Pac. 1085, and contends that respondent has not met the burden necessary to overcome the *prima facie* presumption in favor of the order of the commission.

The record contains the testimony of three physicians, one on behalf of respondent and two on behalf of appellant. The witness for respondent was the one who performed the operation and his testimony is clear and positive. It is admitted that gangrene can come from a great many causes, and so far as it was possible so to do, the witness testified to tests and examinations which would exclude any other cause for the gangrene than the original injury, and states as his conclusion that the original injury produced the result which he found. The witnesses for the appellant gave it as their opinion that the original injury did not produce this result, but they failed to show any other satisfactory reason for the condition which respondent's limb developed; and so far as it is possible for a non-medical expert to judge of the controversy, it would appear that respondent has met the burden imposed upon him. The principal point relied upon by the witnesses for appellant is the long lapse of time between the original injury and the final bad result. But appellant's witnesses do not go so far as to state that the result would be impossible from the cause assigned; and, according to the testimony of the respondent, he was never free from pain from the time of his original injury, and it is not disputed that after the final operation he fully recovered.

Appellant also objects to the allowance of the hospital and doctor bills, and the attorney's fee. It contends that, since respondent's employer had a contract with Dr. Horsfall to care for their injured workmen, as permitted by § 6604-45, Rem. Code, Horsfall's contract, so far as is shown, was for nothing but medical and surgical care and did not include hospital care. It also appeared that, when he consulted with the operating surgeon over respondent's case, he charged and received a fee from the industrial insurance commission, evidencing no contract with Skinner & Eddy at that time. Under § 6604-35, Rem. Code, respondent was entitled to proper and necessary medical and surgical and hospital care of his own choice. The allowances will not be binding upon the industrial insurance division if a valid contract is and was on file.

The bills were all shown to be reasonable and were necessary.

The objections of appellant are untenable.

We do not feel justified in disturbing the judgment of the trial court, and it is affirmed.

All concur.