[No. 22177.   Department Two.   September 3, 1930.]

EMIL PAVLINOVICH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Vanderveer, Bassett & Levinson,* for appellant.

*The Attorney General* and *Harry Ellsworth Foster,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court sustaining the action of the department of labor and industries in rejecting a claim. After the claim was presented to the department, it was rejected because there was no proof of an acci-

[1] Reported in 290 Pac. 876.

dent in the course of employment. After the rejection, the claimant appealed to the joint board. A hearing was held by that board, and the claimant offered testimony to support his claim that there was an accident and that his condition was the result thereof. After the hearing, the joint board sustained the order of the department in rejecting the claim. From this the claimant appealed to the superior court, where the department offered evidence to meet that of the claimant presented to the joint board, and the claimant offered rebuttal testimony. After the hearing was concluded, the superior court, as above indicated, entered a judgment sustaining the department, from which the claimant appeals.

Whether there was an accident and whether the appellant's condition was the result of such accident, if there were one, are purely questions of fact.

In Rem. Comp. Stat., § 7697, which is one of the sections of the workmen's compensation act, it is provided that:

" . . . in all court proceedings under or pursuant to this act, the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same."

After reading and considering all the evidence in the case now before us, we are of the opinion that the appellant has not overcome the burden of proof placed upon him by this statute.

The case is very similar to that of *Marney v. Industrial Insurance Department*, 98 Wash. 483, 167 Pac. 1085, where it is said:

"We shall not attempt to review the facts. They have been twice passed upon and twice ruled against appellant. Whatever the facts may be, the law is the same. The conclusion of the commission must be sustained, unless the facts clearly preponderate against such conclusion. We agree with both the commission

and the lower court that appellant's case falls far short of showing him entitled to relief. The case as a whole, with all its attendant and controlling circumstances, clearly preponderates against appellant. Section 6604-20, Rem. Code, provides that 'in all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same.' Appellant has not met the burden thus placed upon him, and if we were in doubt as to the preponderance of the facts, our decision, under this section, must necessarily go against appellant. We have, however, no doubt, but believe the commission adjudged the case properly in the first instance.''

Without reviewing the testimony in the present case, we think that the department and the superior court correctly determined the matter.

It is further said that, upon the hearing before the trial court, the department was permitted to assert a new ground in support of its decision; but we think this position not well taken. As appears from what is above said, upon the hearing before the joint board, the appellant offered evidence in support of his claim that there was an accident and that his condition was the result thereof. In the superior court, the department offered evidence to meet that offered by the appellant before the joint board, and the appellant offered evidence in rebuttal. This was the procedure which, in the case of *Murray v. Department of Labor and Industries*, 151 Wash. 95, 275 Pac. 66, was outlined as the proper one in such cases.

The judgment will be affirmed.

MITCHELL, C. J., HOLCOMB, FULLERTON, and FRENCH, JJ., concur.