[No. 24310.   Department One.   March 10, 1933.]

NORTHERN BOND & MORTGAGE COMPANY, *Plaintiff*, v. THEODOR J. COWELL *et al.*, *Defendants*, THE NATIONAL BANK OF COMMERCE OF SEATTLE, *Appellant*, B. F. SHIELDS, *as Trustee*, *Respondent.*[1]

*Kerr & McCord,* for appellant.
*Revelle, Revelle & Kells,* for respondent.

HOLCOMB, J.—This appeal is from a decree in favor of Shields, as trustee for certificate holders, and intervener in the action, foreclosing a mortgage on property

[1]Reported in 20 P. (2d) 11.

called the Cowell building in Seattle, denying any participation in the foreclosure. Although the action is one in equity and tried as such, the trial court, probably for convenience of the parties, made extensive findings of fact. The appeal is from the entire decree.

The claims of error are that the court erred in refusing to hold that appellant's right to the note and mortgage was superior to the interest of participating certificate holders, or at least on a parity with them to the extent of five thousand dollars; erred in holding that Wm. T. Perkins had a superior claim to that of appellant to the extent of seven hundred dollars, represented by certificates 18, 19 and 20; and erred in holding that Wm. T. Perkins was entitled to the accumulated interest to the extent of three thousand five hundred dollars on the note and mortgage.

As to the last claim of error, we doubt that any one has any concern as to that part of the decree save the trustee alone, who is not here complaining of it.

Brushing aside the fact that not all the evidence has been brought here, although as we have said this is an equity case, the trial court having certified that the partial statement of facts contains all the evidence and testimony introduced upon the trial of the cause, together with all of the objections and exceptions made and taken to the admission and exclusion of testimony relating to the meaning of the words "bonds in process of preparation" found in National Bank of Commerce's exhibit No. 7, and that such exhibit and another, exhibit 1, dated May 27, 1927, are exhibits admitted upon the trial of that cause, the findings are ample to sustain the conclusions of law and decree. The decree is entitled to every presumption necessary to sustain it, in the absence of an affirmative showing that the necessary facts to sustain it did not exist. *Magee v. Risley,* 82 Wash. 178,

143 Pac. 1088; *Spokane Savings & Loan Society v. Park Vista Improvement Co.,* 160 Wash. 12, 294 Pac. 1028. See, also, *Hampson v. Welt,* 105 Wash. 499, 178 Pac. 469.

Among other things, the court found that the note and mortgage here involved had been executed, and that the intervener Shields, as trustee, representing all of the certificate holders, is the owner and holder of the note and mortgage. It was found, or concluded, that, at all times thereafter, the National City Bank and its successor, the National Bank of Commerce, had no right, lien or interest upon the Cowell note and mortgage in its own behalf or in behalf of the bonds theretofore issued under the trust deed or agreement of April 28, 1922. A further finding was to the effect that the transfer to the National Bank of Commerce was under and subject to the provisions of the trust agreement; that the National Bank of Commerce did not record its assignment until on or about January 3, 1930, and each of the participating certificate holders purchased their certificates without any notice or knowledge of any kind of the transfer to the National Bank of Commerce. Another finding sets out the person, number, amount and date of purchase of each participating certificate holder.

This case involves the identical trust deed here held by appellant that was involved in *Price v. Northern Bond & Mortgage Co.,* 161 Wash. 690, 297 Pac. 786. That case involved securities executed by one Hensel and wife.

Appellant attempts to distinguish this case from that upon the finding of the court that here the note was endorsed, whereas in that case the court found that the note was assigned. But appellant there claimed the benefit of the negotiable instrument law, as it does here. This court, in deciding that the ne-

gotiable instrument law did not apply, took no consideration of the nature of the transfer, nor is it material here. We held that the negotiable instrument law was not involved. As to that phase of the case, we said:

"We are convinced that here all parties were concerned only with the mortgage as such, that no one took thought of the note as an independent or personal obligation, and that, under these conditions, the note must be regarded as an incident of the mortgage, which is a lien upon, and therefore an interest in, real estate, and was the real consideration."

We there held that a subsequent assignee of a mortgage or of an interest therein is protected by the recording statute against a prior unrecorded assignment, the same as he would be on dealing with property as a *bona fide* purchaser under the recording statute relating to deeds, mortgages and assignments of mortgages, that they shall be valid as against *bona fide* purchasers from the date of their filing of record.

That case is decisive of this, and no extension of the discussion is useful with reference to certain language particularly stressed by appellant.

It necessarily follows that the decree must be, and is, affirmed.

BEALS, C. J., PARKER, MITCHELL, and MILLARD, JJ., concur.