[No. 24690. Department One. October 16, 1933.]

JOHN ZOFF, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*Edw. S. Franklin, D. E. Baker,* and *Harry Ellsworth Foster,* for appellant.

*Phil K. Eaton,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the joint board of the department of labor and industries refusing to reopen a claim for compensation, on the ground of

[1]Reported in 25 P. (2d) 972.

aggravation of disability after the claim had been closed.

February 24, 1929, the claimant sustained an injury to his right foot, and thereafter presented a claim to the department for such injury, which claim was allowed, and compensation was paid thereon until April 4, 1930, when it was closed with an award of four degrees permanent partial disability to the foot. February 15, 1932, the claimant's right foot was operated upon, and a small bone, which was in a decayed condition, removed therefrom. Subsequent to this, he made an application to reopen the claim, on the ground of aggravation of disability, which the department, July 15th, denied. In September thereafter, a petition was filed for rehearing, and in support of the petition testimony was taken by the joint board. October 24, 1932, that board entered an order affirming the decision of the department refusing to reopen the claim, on the ground that the claimant had not proved that the bone infection for which he was operated upon was the result of the injury. As stated, from this order there was an appeal to the superior court, and the cause was there heard upon the records and files of the department and the testimony taken before the joint board. No additional evidence was taken by the court.

The controlling question is whether the diseased condition of the bone which was removed from the foot had been caused by the injury or whether it arose from some other cause. The decision of the department was *prima facie* correct, and the burden was upon the one attacking that decision to overcome the same by evidence. *Marney v. Industrial Insurance Department,* 98 Wash. 483, 167 Pac. 1085; *Boyer v. Dept. of Labor and Industries,* 160 Wash. 557, 295 Pac. 737; *Frich v. Dept. of Labor and Industries,* 169

Wash. 282, 13 P. (2d) 67; *Himes v. Dept. of Labor and Industries,* 172 Wash. 248, 19 P. (2d) 933.

The only medical testimony in the case is that of a doctor called by the claimant, and who testified before the joint board. On the question of whether the diseased bone in the foot was due to the injury or some other cause, this doctor testified as follows:

"Q. The condition you found was one of destruction of bone and tissue? A. Yes. Q. And it was localized to one bone? A. Absolutely. Q. And you concluded, doctor, that there was some infective agency that had destroyed the contour and structure of the bone? A. I didn't make any conclusion. I didn't know what did it, injury or the other. Q. So at the present time it is still a matter of speculation and conjecture on your part as to whether or not the condition of the cuboid bone which you found was diseased when you operated on Mr. Zoff, was due to the injury, or due to infection? A. I wouldn't know what it would be. Q. And as to whether it was due to the injury of February, 1929, or any subsequent injury, you couldn't state? A. I couldn't state."

It is plain that there is nothing in this testimony which would overcome the decision of the department in refusing to reopen the claim. The claimant has not met the burden in this case which the law places upon him.

The judgment will be reversed, and the cause remanded to the superior court with direction to enter a judgment sustaining the order of the department.

BEALS, C. J., MITCHELL, MILLARD, and STEINERT, JJ., concur.