[No. 24665. Department One. November 6, 1933.]

MIKE GRUB, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Dykeman, Monheimer & Griffin (John F. Evick,* of counsel), for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

*W. H. Abel, amicus curiae.*

MITCHELL, J.—Mike Grub was accidentally injured on July 3, 1930, while engaged in extrahazardous employment. A prompt report of the accident was made to the department of labor and industries, and the claimant has been allowed monthly time loss for about one year, during which time he was examined on several occasions by the medical staff of the department and was given medical and hospital treatment elsewhere. His claim was closed once or more, but reopened, and finally a commission of three physicians and surgeons examined the claimant at the suggestion

[1]Reported in 26 P. (2d) 1039.

of the department. The commission of physicians and surgeons, on August 15, 1931, filed a detailed report, and, as suggested in the order appointing them, made conclusions and recommendations as follows:

"He has received, in our opinion, ample medication and such other treatment as is capable of influencing the condition. The foci of infection have been removed and to us it is evident that further treatment in this case is not indicated.

"We conclude that he is able to follow a gainful occupation but we recommend that a PPD, on account of the aggravation of the existing arthritis of back and both legs, of 15 degrees be granted."

This report was received by the supervisor of industrial insurance, who, on August 20, 1931, upon considering the report and the claim for injuries, ordered the claim closed, with an allowance for time loss to that date and an award of $450 for fifteen degrees permanent partial disability. The claimant applied to the joint board of the department for a rehearing, which was granted.

At the rehearing, considerable testimony was taken, mostly of an expert character, both for and against the claim, all of which was transcribed and filed with the department. Upon this evidence and another report made upon personal examination by three physicians, other than the three who made the first examination and report, the joint board, upon due consideration, found that the claimant, prior to this accidental injury, was suffering from arthritis of the spine and both knees; that the injury was "trivial in character, but aggravated the preexisting disease of arthritis," which disease retarded claimant's recovery from the injury. The conclusion of the joint board was that fifteen degrees permanent partial disability, that had been allowed by the supervisor, was fair, and on that

day, May 16, 1932, the joint board entered an order sustaining the closing of the claim by the supervisor on that basis. The claimant appealed to the superior court.

Upon the trial in the superior court, additional testimony by physicians and surgeons was introduced on behalf of the department, upon which, together with the records and files already in the case, the trial court found:

"That the plaintiff has failed to sustain the burden of proof required of him by statute, and has failed to show to this court by a preponderance of the evidence, that the joint board committed error in its decision of May 16, 1932."

It was concluded by the trial court that the appeal to the superior court should be dismissed, and a judgment to that effect was entered. The claimant has appealed from that judgment.

The statute immediately involved is Rem. Rev. Stat., § 7679, subdiv. (1), and, as stated in appellant's brief, the assignments of error "present the question of whether appellant's arthritic condition, aggravated by his injury, allows appellant a higher degree of compensation."

The question presented is controlled by the facts. In this respect, the department's files and the testimony taken in the hearing before the joint board, together with the testimony taken in the superior court, are voluminous and cannot be reasonably set out, even by way of a fair summary, in this opinion. Upon all occasions, whether before the supervisor, the joint board of the department or the superior court, the decision has been uniformly against the claimant. Upon an examination and consideration of the whole record, our conclusion is that the proof does not preponderate against the findings and order of the super-

visor, nor those of the joint board, Rem. Rev. Stat., § 7697; nor against the findings of the superior court sustaining the findings of the joint board.

Affirmed.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.