[No. 26139. Department One. August 3, 1936.]

HANNAH EKLUND, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 59 P. (2d) 1109.

*The Attorney General* and *J. A. Kavaney, Assistant,* for appellant.

*John D. Ehrhart,* for respondent.

MITCHELL, J.—This is an appeal from a judgment of the superior court reversing an order of the department of labor and industries of the state of Washington. The order reversed was a final one, made after a hearing before the supervisor and also a hearing before the joint board of the department, upon the application of Hannah Eklund for a widow's pension under the workmen's compensation act, for the death of her husband, Alfred Eklund, while he was engaged in extrahazardous work in the employment of the Aberdeen Plywood Company.

The injury received by the deceased was well within the definition of that word, as defined in the act, Rem. Rev. Stat., § 7675 [P. C. § 3470]. The deceased was about fifty years of age, able-bodied, and had been continuously engaged in hard labor until he received the injury which caused his death, although, at the time he was injured, he was afflicted with pulmonary tuberculosis.

The case was tried in the superior court without a jury and was decided upon the record before the supervisor, the testimony taken in the hearing before the joint board of the department, and the testimony in the superior court.

Certain findings in favor of the widow were made by the trial court, which the department of labor and in-

dustries, upon the appeal, contends were not justified by the proof, as follows:

"That on July 3rd, 1934, the said Alfred Eklund, while in the course of his employment, was helping to clean the flues of the boiler, and in order to clean said flues it was necessary to pull a so-called rattler through the flues of the boiler, while water was being forced through a hose connected on to the rattler, the purpose of the rattler being to loosen the scales on the inside of the tubes; that in order to pull said rattler through the tubes it was necessary for the said Alfred Eklund to get within the drum at the end of said tubes, and while in a sitting position to pull said rattler through the tubes; that the rattler some times gets stuck and at the time in question the said rattler did stick and the said Alfred Eklund was obliged to and did jerk and pull upon said hose attached to said rattler, for the purpose of attempting to loosen it, and while so pulling and jerking upon the same the said Alfred Eklund collapsed and hemorrhaged at the mouth.

"That the work which Alfred Eklund was doing on July 3rd, 1934, was of a strenuous nature and his death was due to the pre-existing disease which he had plus the injury that he received by virtue of pulling upon the hose, forcing the blood through his arteries to an extent that one of the arteries broke, causing the hemorrhages; that the injury was the proximate cause of his death.''

The record has been examined, bearing in mind the statutory rule that:

"In all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same. . . . '' Rem. Rev. Stat., § 7697 [P. C. § 3488]; *Zoff v. Department of Labor & Industries,* 174 Wash. 585, 25 P. (2d) 972, and cases cited.

In our opinion, while the evidence was conflicting, it preponderates against the decision of the department and in favor of the findings and judgment of the superior court.

Any attempt to review the evidence fairly and reasonably would, in our opinion, serve no useful purpose.

Judgment affirmed.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.