[No. 26607. Department One. March, 15, 1938.]

GEORGE K. NILSEN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*John F. Dore* and *T. M. Royce,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court affirming an order of the joint board of the department of labor and industries refusing to reopen a claim.

The claimant, George K. Nilsen, on December 3, 1932, was night-watchman for the Tacoma Millwork Supply Company at Tacoma. A tramp, trespassing in the fire room of the lumber yard, struck Nilsen over the right eye, making a triangular cut in the eyeball. As a result of this injury, his right eye was removed

[1]Reported in 77 P. (2d) 593.

January 27, 1933. During the latter part of February of that year, the vision of his left eye began to be affected and grew steadily worse, and the claimant lost the sight of that eye not later than May 30, 1933, reducing him to total blindness.

In March, 1933, the department of labor and industries made an allowance to Nilsen for the loss of his right eye. July 28th of that year, Nilsen filed a petition to reopen his claim on account of the loss of the sight in the left eye. This was denied, and on August 5, 1933, he filed a petition with the department for a rehearing, which was granted, and testimony was taken, commencing August 16, 1933, and continuing on various dates until January 2, 1935, when the last hearing was had. The department made findings and entered an order to the effect that the loss of the sight of the left eye was not the result or consequence of the injury. From this, an appeal was taken to the superior court of Pierce county. Upon the trial in that court, the only evidence introduced was the department's claim file, consisting of various communications to and from the department and the testimony taken upon the rehearing by the department. There was no testimony introduced in the superior court. The trial court entered findings to the effect that the loss of sight of the left eye was not the result of the injury which had been sustained, and dismissed the appeal. From this judgment, Nilsen has appealed to this court.

It is a theory of the respondent, the department, that the loss of vision in appellant's left eye was due to glaucoma, that is, tension resulting from diabetes. It is the theory of the appellant that the loss of the sight in the left eye was due to the injury and the subsequent removal of the right eye.

While the matter was pending in the department,

from time to time the appellant took the testimony of four doctors, all of whom were eye, ear, and nose specialists, and the respondent took the testimony of five doctors, all of these being likewise eye, ear, and nose specialists. The testimony, of course, is of a highly technical nature, and it is not easy to determine the relative weight thereof. Three of the doctors for the respondent testified August 10, 1934, after having read the history of the case and the testimony of the doctors that had been examined prior to that time. The other two had made a personal examination of the appellant, one of them in common with his then physician shortly after the injury and before the right eye was removed.

The appellant says that the testimony of the doctors who treated him from the time of the injury until after the loss of the sight in the left eye should be given greater weight than that of doctors who testified only after having read the record, as stated, and it may be admitted that this appears quite reasonable. Had the doctors who treated the appellant definitely expressed it as their opinion that the loss of the sight in the left eye was due to the injury and the subsequent removal of the right, their testimony would have been very persuasive. The trouble with the testimony of these doctors is that they did not testify thus definitely. It is possible, in their testimony, to pick out a sentence here and there that would indicate that that was their view, but, when the testimony is read in its entirety, it will not bear that construction.

The doctors called by the respondent expressed the definite view that the loss of sight in the left eye was not due to the removal of the right eye, but was due to appellant's physical condition.

The decision of the joint board of the department of labor and industries was *prima facie* correct,

and the burden is upon the appellant to overcome that decision by evidence. *Zoff v. Department of Labor & Industries,* 174 Wash. 585, 25 P. (2d) 972. After reading and giving careful consideration to all of the evidence in this case, we are unable to say that the appellant has met the burden of overcoming the decision of the department.

It would serve no useful purpose to attempt to review the testimony of the various doctors in detail, and, owing to the technical nature thereof, to accurately make such a review would be extremely difficult.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, SIMPSON, and GERAGHTY, JJ., concur.