[No. 26321. *En Banc.* April 28, 1938.]

CLARA RUSSELL, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 78 P. (2d) 960.

*The Attorney General, J. A. Kavaney* and *Harry L. Parr, Assistants* (*V. D. Bradeson,* of counsel), for appellant.

*Vanderveer & Bassett,* for respondent.

STEINERT, C. J.—This is an appeal from a judgment of the superior court, entered upon the verdict of a jury, awarding to a widow compensation for the death of her husband, alleged to have resulted from injuries sustained by him in extrahazardous employment.

On May 22, 1934, J. E. Russell, while engaged in work as a shipfitter, fell down a hatch and injured his back. His claim was filed with the department and was considered by the supervisor, who, on June 4, 1934, closed it with allowance for medical attention, but with no allowance for time loss or permanent partial disability. Russell then applied for a reopening of his claim and at the direction of the department, submitted himself to a medical examination. On September 15, 1934, the department advised him that there had been no aggravation of his condition as a result of his injury, and that the claim would therefore remain closed. On September 25, 1934, Russell appealed to the joint board, upon the ground that the order of the department was arbitrary and capricious and contrary to the facts and the law. In his notice of appeal, the claimant stated that he desired to prove that he had not received notice of the department's order of June 4th, and further that he had suffered an aggravation of the injuries sustained on May 22nd. On October 1st, his application for rehearing was granted, but on October 13th, before the rehearing was scheduled, Russell died.

On October 14, 1934, at the instance of the department, an autopsy was performed on the body of the deceased workman. Two physicians conducted the examination in the presence of four other physicians. Complete findings were made as to the condition of the various organs examined, upon which an anatomic diagnosis was rested, with the conclusion that the deceased had a coronary thrombosis and had died of angina pectoris, but that the accident of May 22nd did not cause or contribute to his death. Following the receipt of this report, the board entered an order on October 22nd reciting that the action of the claimant did not survive him, and that his rights abated with his death.

Thereafter, on November 17, 1934, Russell's widow, the present claimant, filed with the department her claim for a pension. The supervisor rejected the claim on December 6th, on the ground that Russell's death was not the result of trauma. Claimant then appealed to the joint board, and a rehearing was granted. Following the rehearing, at which claimant introduced the testimony of two lay and four medical witnesses; the joint board entered its order on November 18, 1935, sustaining the supervisor and rejecting the claim.

The claimant widow then took an appeal to the superior court, where she moved for a trial by jury. The motion was granted over the objection of the department. Subsequently, the department moved to quash the demand and order for a jury trial. That motion was denied. The trial then proceeded. The transcript of the testimony taken before the joint board was read to the court and jury, and certain portions of the departmental record were introduced as exhibits. After claimant had rested, and after several motions made by the department had been denied, the department called one lay and two medical witnesses, who testified in the presence of the jury; the department also introduced the depositions of two other medical witnesses, whose testimony had been taken subsequent to the hearing before the joint board. The court then gave its instructions and submitted the case to the jury, which returned a general verdict for the claimant. Motions for judgment notwithstanding the verdict and for new trial, respectively, were denied, and judgment was entered upon the verdict, remanding the cause to the department with instruction to allow the widow such compensation and benefits as she was entitled to receive under the workmen's compensation act. It is from this judgment that the department has appealed.

Respondent has moved to strike the statement

of facts and abstract of record on the grounds (1) that the statement of facts was not certified as required by law, (2) that it did not contain all the evidence introduced upon the trial, and (3) that the abstract was not prepared as required by law and the rules of this court, in that it embodied evidence which was not included in the statement of facts.

The certificate to the statement of facts is in the form required by Rem. Rev. Stat., § 391 [P. C. § 7819], and is sufficient. While the statement itself does not reproduce in complete form the testimony introduced by respondent before the joint board, it recites specifically that the entire transcript of the testimony embodied in the identified departmental record was read to the jury. To repeat that testimony in the statement of facts would not only have added considerable expense, but would have been a useless duplication, for the complete departmental file containing the testimony taken before the joint board has been sent up as part of the transcript and is now properly before us. The abstract covers the entire testimony as set forth in the statement of facts and departmental record, and is not subject to the criticism made by respondent. The motion is denied.

Appellant's assignments of error may be grouped under the following heads: (1) Error in refusing to take the case from the jury and confirm the decision of the joint board, (2) error in not granting the motion for new trial, and (3) error in not granting the motion for judgment notwithstanding the verdict.

Under the first head, appellant contends that the order of the department made October 22, 1934, relative to the claim for aggravation filed by the workman in his lifetime, is *res adjudicata* of the subsequent claim of respondent herein. As authority for this contention, the case of *Ek v. Department of Labor & In-*

*dustries,* 181 Wash. 91, 41 P. (2d) 1097, is cited. In that case, it was held that the rejection of the claim of the workman by the department was a final judgment, which, after the time for appeal had expired, became a complete and final adjudication, binding not only upon the original claimant, but also upon all persons, including his widow, who might thereafter claim by, through, or under him.

In the case now before us, however, the workman's claim for aggravation was never finally adjudicated; on the contrary, he had been granted a rehearing which was still pending at the time of his death. The case in that respect is analogous to *Wintermute v. Department of Labor & Industries,* 183 Wash. 169, 48 P. (2d) 627, where, under similar circumstances, the widow of the workman was permitted to recover upon her claim for pension. See, also, *McFarland v. Department of Labor & Industries,* 188 Wash. 357, 62 P. (2d) 714.

Since there was no final adjudication by the department of any question underlying the claim of the respondent widow, the former order of the department is not *res adjudicata* thereof.

Under the same head may also be considered appellant's assignment that the court abused its discretion in allowing the case to be tried to a jury.

In *Hodgen v. Department of Labor & Industries, ante* p. 541, 78 P. (2d) 949, and *Devlin v. Department of Labor & Industries, ante* p. 549, 78 P. (2d) 952, we discussed this phase of the subject at some length, pointing out that, under Rem. Rev. Stat., § 7697 [P. C. § 3488], the calling of a jury rests entirely in the discretion of the court. Those cases are so nearly similar to this upon the question under consideration as to be controlling here. It is apparent from the record not only that an issue of fact was involved, but also that the court was apprised of what that issue was. The

court, therefore, did not abuse its discretion in calling a jury.

The next group of assignments deals with the refusal of the court to grant a new trial. There are two contentions made under these assignments: (1) That the court erred in giving certain specified instructions, and (2) that there was neither evidence nor reasonable inference from evidence to justify the verdict.

In so far as the instructions are set forth in the brief, they are not subject to criticism as being incorrect statements of the law; nor do they contain anything which, in our opinion, could be said to constitute prejudicial error.

Upon the second contention just referred to, we are of the opinion that, in so far as the jury's special province was concerned, there was sufficient evidence, and reasonable inferences therefrom, to justify the verdict upon the limited question of fact. But in view of the conclusion that we have reached under the next assignment of error, we need not further pursue the matter of appellant's motion for new trial upon either of the grounds recited.

The third assignment of error relates to appellant's motion for judgment notwithstanding the verdict. This assignment presents the vital question in the case. That question, which was one of fact, was whether the coronary thrombosis resulting in Russell's death was induced or precipitated by the injury of May 22, 1934, or whether it came about in the natural and ordinary course of events, as the ultimate result of heart disease and without the intervention of trauma.

The evidence on that question consisted almost entirely of the testimony and written reports of physicians and surgeons, and was what may be termed "opinion evidence." At the hearing before the joint board, four doctors were called by respondent and tes-

tified. At the trial before the court and jury, appellant called two doctors, who testified. Appellant also produced and read at the trial the depositions of two other doctors. For present purposes, it is sufficient to state merely the substance of the evidence.

One of the doctors produced by respondent before the joint board testified that the injury sustained by the workman on May 22, 1934, was the inducing cause of his death, and that the remedies prescribed by his attending physicians were contributing causes. Another doctor called by respondent testified that, in his opinion, there was something wrong with the workman's heart before the accident, but that it was a reasonable conclusion that the preexisting condition had been aggravated by the injury. The other two doctors called by respondent testified that death was caused by arterio-sclerosis of the coronary artery, but that neither the disease nor the death was caused by the injuries sustained in the accident occurring five months before the death.

The autopsy report made by two other doctors stated emphatically that, in their opinion, the accident did not cause or contribute to the coronary thrombosis or the angina pectoris. The two doctors who made this report subsequently testified at the trial and their testimony corroborated the report. Two doctors testifying by deposition on behalf of appellant gave it as their opinion that the workman died of coronary disease which had no relation either to his injury or to the remedies used.

The evidence taken before, and considered by, the joint board was of such nature and persuasion that the decision of that body might reasonably have been either way, although, in our opinion, the evidence preponderates in favor of the decision. By Rem. Rev. Stat., § 7697, "the decision of the department shall be

*prima facie* correct and the burden of proof shall be upon the party attacking the same." If, in addition to the testimony taken before the joint board, we consider the testimony taken in open court, the decision is not weakened, but greatly fortified. The burden resting upon the respondent, under the terms of the statute, of overcoming the decision by evidence was not met. *Zoff v. Department of Labor & Industries,* 174 Wash. 585, 25 P. (2d) 972; *O'Toole v. Department of Labor & Industries,* 182 Wash. 202, 208, 46 P. (2d) 388; *Perry v. Department of Labor & Industries,* 184 Wash. 576, 578, 52 P. (2d) 324; *Nilsen v. Department of Labor & Industries, ante* p. 97, 77 P. (2d) 593.

We are mindful of the fact that the evidence taken in court was considered by the jury and that the element of credibility inheres therein. For that reason, we do not add its weight to that of the testimony previously taken before the joint board, but have referred to it merely to show that the force of the department's decision was in no way lessened thereby.

The verdict of the jury on questions of fact in cases of this kind is not controlling upon the court, but merely advisory. The court can adopt it or reject it. But, regardless of the verdict, it is the function and duty of the court itself, in the final analysis, to determine whether the department has acted within its powers and has correctly construed the law and found the facts. *Hodgen v. Department of Labor & Industries, ante* p. 541, 78 P. (2d) 949; *Devlin v. Department of Labor & Industries, ante* p. 549, 78 P. (2d) 952.

Aside from the testimony offered by appellant in open court, which was wholly in its favor, the only evidence was that included in the departmental record. We are therefore in the same position to judge of its weight and credibility as was the trial court. A careful consideration of the departmental record convinces

574

us not only that respondent failed to meet the burden imposed upon her to overcome the *prima facie* significance of the department's decision, but also that the preponderance of the evidence contained in that record supports the decision. We eliminate the added weight afforded by the evidence given in open court, for the reason already assigned. The motion for judgment notwithstanding the verdict should, in the light of the record and the function of the trial court, have been granted.

The judgment is reversed, with direction to the trial court to enter judgment confirming the decision of the department.

MAIN, MILLARD, BEALS, BLAKE, ROBINSON, GERAGHTY, and SIMPSON, JJ., concur.

HOLCOMB, J., dissents.

