[No. 27117. Department One. July 12, 1938.]

BESSIE LANGFORD, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*V. D. Bradeson,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

HOLCOMB, J.—This involves an appeal by a claimant from a judgment of the superior court dismissing her

[1]Reported in 81 P. (2d) 277.

complaint and sustaining the order of the department of labor and industries.

July 20, 1936, appellant, widow of decedent, filed a claim for a pension with the department. July 30, 1936, the claim was rejected by the supervisor of industrial insurance on the ground that the death of decedent was not the result either of injury alleged or of a trauma, but was the result of a preexisting condition.

August 6, 1936, claimant filed an application for a rehearing before the joint board, which was granted. It sustained the supervisor, and thereupon claimant appealed to the superior court, where this cause was tried before a jury. From a judgment entered dismissing the complaint, this appeal was taken.

The essential facts are these: Decedent had been in the employ of a certain shoe company for over a decade in the capacity of a sole leather cutter, and was so employed on March 24, 1936, at which time he alleged he suffered an injury by reason of the dropping of a garbage can on his left foot. He continued to work the following day until about noon, and did not work again for that company.

In January, 1936, he had called at a clinic for a physical examination, and complained of dizziness and staggering. A Wassermann examination disclosed a four-plus reaction, indicating a syphilitic condition, and at that time the attending physician found decedent also had an infected bunion on the left toe, which was open and draining.

Thereafter beginning April 1, 1936, decedent made several visits to the same clinic for further treatment for that foot. April 11, 1936, a physician was called, apparently to his home, and his diagnosis revealed that decedent was suffering from diabetic gangrene on the left foot, and amputation of that foot appeared neces-

sary to save his life. The next day he was admitted to a hospital.

The period between April 12th and April 28th, the date of the operation, was devoted primarily to treatment of his diabetes and to putting him in condition for the amputation. He passed away May 25, 1936, and the surviving spouse applied for a pension as above indicated.

█ It is urged that the verdict of the jury, which was unfavorable to claimant, is contrary to the evidence and is erroneous because the jury did not consider the entire transcript which was before the joint board. Since this court examines the record *de novo*, this assignment is without merit. Rem. Rev. Stat., § 7697 [P. C. § 3488]; *Spier v. Department of Labor & Industries,* 176 Wash. 374, 29 P. (2d) 679; *Zankich v. Department of Labor & Industries,* 189 Wash. 25, 63 P. (2d) 427.

█ Appellant contends the preponderance of the evidence is against the findings of the department, and also urges that it is conceded by the department that decedent sustained an injury, and that the nature of the instructions given to the jury indicates the trial court reached the same conclusion. It is first necessary to resolve the factual question as to whether or not decedent sustained the alleged injury.

The order of the supervisor provided:

"It is hereby ordered that the claim for pension, filed by Bessie Langford, be rejected for the reason that the death of Thomas A. Langford was not the result of injury alleged nor was it the result of trauma, but was the result of a pre-existing condition."

The joint board concluded in part:

"That there is no adequate proof that the claimant sustained an injury as alleged or that his condition was traumatic in origin and a result of the injury alleged

or that his death was in any way a responsibility of the department. That the supervisor was correct and should be sustained."

We do not find from the record that the department admitted decedent suffered an injury; in fact, the departmental record unequivocally reflects the antithesis.

In one of the instructions given, the injury in question was referred to as an "alleged injury." In instruction No. 10 it appears the existence of an injury was assumed, but this court is in as favorable a position as the trial court to determine for itself whether or not decedent did in fact sustain an injury.

Rem. Rev. Stat., § 7697, provides:

"In all court proceedings under or pursuant to this act the decision of the department shall be prima facie correct and the burden of proof shall be upon the party attacking the same. . . ."

We have recognized on numerous occasions that such departmental decisions are *prima facie* correct. *Johnston v. Department of Labor & Industries,* 163 Wash. 549, 2 P. (2d) 67; *Mecartea v. Department of Labor & Industries,* 176 Wash. 27, 28 P. (2d) 257; *O'Toole v. Department of Labor & Industries,* 182 Wash. 202, 46 P. (2d) 388.

The evidence is deficient in a number of particulars, and we must consider the case from the record as made. After a painstaking study of the record and a careful weighing of all the competent evidence, and all the reasonable inferences and deductions to be drawn therefrom, and considering them all in their entirety, we find that it lacks that quality of proof which induces a conviction that decedent suffered any injury or trauma during the course of his employment.

We conclude that appellant has not met the burden placed upon her. *Marney v. Industrial Ins. Department,* 98 Wash. 483, 167 Pac. 1085.

416

Having reached this conclusion, it is unnecessary to pass upon other questions presented for consideration. The judgment is affirmed.

MAIN, GERAGHTY, ROBINSON, and SIMPSON, JJ., concur.