[No. 27269. Department Two. December 13, 1938.]

A. P. SCHRAUM, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for appellant.

SIMPSON, J.—The department of labor and industries appealed from a judgment of the superior court revers-

[1]Reported in 85 P. (2d) 262.

ing an order of the joint board of the department denying a claim of aggravation and an allowance of compensation for permanent partial disability.

September 6, 1932, respondent, while engaged in extrahazardous employment, suffered an injury described in the medical report as "multiple contusion of chest wall and lower left leg. Rupture of muscle fibre in right flank." At the time of the injury, respondent was helping to move some machinery. He and other workmen were using a long pole or timber as a lever to raise a piece of machinery so that it could be loaded upon a truck or trailer. Respondent was on the outer end of the timber, and when the other men let loose suddenly he was thrown into the air and landed on the ground in a sitting position.

Respondent filed his claim for compensation. Medical aid and time loss were provided to November 16, 1932, at which time the claim was closed. He returned to a gainful occupation November 21, 1932. June 6, 1933, respondent applied to have his case reopened, which was denied by the supervisor. September 8, 1933, he appealed to the joint board, and a hearing was had which resulted in a reversal of the action of the supervisor in refusing to reopen the claim. He was placed on time loss and given medical treatment. September 4, 1934, the supervisor again closed the claim, giving respondent a permanent partial disability of ten degrees, which was refused by the claimant.

Three doctors examined respondent October 15, 1934, after which another order was given by the supervisor allowing a time loss to October 31, 1934. An appeal to the joint board resulted in a hearing July 10, 1936, and an affirmance of the supervisor's order. Respondent appealed from the order of the joint board to the superior court, where trial was had to a jury.

A verdict was returned favorable to respondent, and judgment was entered upon the verdict.

Appellant presses upon us two contentions: First, that the trial court erred in entering judgment upon the verdict when it appeared that there was insufficient evidence to establish an aggravation subsequent to the closing order of September 4, 1934; and second, in submitting the case to a jury.

Respondent has not filed a brief in this court, but we glean from the petition to the joint board and the questions asked at that hearing that his contention is that his injury was aggravated after the last allowance was made by the department rendering him totally unable to work.

Respondent's testimony, given before the joint board, shows that, subsequent to September 4, 1934, he suffered continuously from pain in the small of his back, in his hips and legs, and in other parts of his body, resulting in his inability to work or sleep.

The evidence relative to the cause of the existing condition consisted of the testimony of several doctors, three of whom had examined him at the instance of the department, and the other was a doctor called by respondent. The three doctors appointed by the state examined respondent again on April 21, 1936. Each of them testified at the hearing before the joint board that the respondent's condition could not be attributed to the injury he had received, and that his condition was not different at the time of the hearing than at the time of their first examination.

Respondent's physician testified at the time of the trial that he had neither treated respondent nor had he seen him, except in passing on the street, for a period of two or three years. This doctor, at the request of respondent's attorney, made an examination of re-

spondent during the trial and then gave his evidence as follows:

"Q. You just made an examination of Mr. Schraum? A. Yes. This examination does not reveal anything other than I have already told you, there is no atrophy in any muscles, no change in any of his reflexes. He is unable to go through all motions of bending without anything other than subjective symptoms of pain. I asked him to stoop over and he is able to do that and he is able to move his legs in all directions. There is no stiffness of ankylosed or limited motions in any of his joints. Does complain of pain on pressure over the 4th lumbar spine, the spine of his 4th lumbar vertebra. Complains of pain on pressure on his ischial spine on his right side. He claims this pain runs down his right leg. There is no limitation of motion on rotation, no change in reflexes. Q. Then from your answer than — A. No skin changes, nothing different than the last time I examined him in 1934. Q. You think there is no change in his condition? A. No, except he continued to complain of this pain, the same thing as I say again he is tender around his rectum and as a matter of fact he is tender any place you touch him on that side."

There was a complete failure to prove any aggravation or to establish any disability due to the injury other than that for which an allowance had been made by the department.

Rem. Rev. Stat., § 7697 [P. C. § 3488], provides:

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. . . .

". . . In all court proceedings under or pursuant to this act the decision of the department shall be prima facie correct and the burden of proof shall be upon the party attacking the same."

■ While it was not improper to try this matter before a jury and to submit the case to it, still it was

the duty of the court to consider the verdict as only advisory, and to determine for itself whether the department has properly found the facts.

In *Russell v. Department of Labor & Industries,* 194 Wash. 565, 78 P. (2d) 960, this court said:

"The verdict of the jury on questions of fact in cases of this kind is not controlling upon the court, but merely advisory. The court can adopt it or reject it. But, regardless of the verdict, it is the function and duty of the court itself, in the final analysis, to determine whether the department has acted within its powers and has correctly construed the law and found the facts. *Hodgen v. Department of Labor & Industries, ante* p. 541, 78 P. (2d) 949; *Devlin v. Department of Labor & Industries, ante* p. 549, 78 P. (2d) 952."

■ It is clearly apparent from the record that respondent did not sustain the burden of proof necessary to overcome the *prima facie* presumption of the correctness of the order of the joint board, and therefore cannot recover. *Frich v. Department of Labor & Industries,* 169 Wash. 282, 13 P. (2d) 67; *Zoff v. Department of Labor & Industries,* 174 Wash. 585, 25 P. (2d) 972; *Grub v. Department of Labor & Industries,* 175 Wash. 70, 26 P. (2d) 1039; *Russell v. Department of Labor & Industries, supra; Langford v. Department of Labor and Industries,* 195 Wash. 412, 81 P. (2d) 277.

For the reasons given, the judgment is reversed.

STEINERT, C. J., BEALS, MILLARD, and GERAGHTY, JJ., concur.