[No. 17949.   Department Two.   September 5, 1923.]

PETE KAVAJA, *Appellant*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—REVIEW—EVIDENCE—SUFFICIENCY. Upon appeal from an award by the department of labor and industries for temporary total disability, the burden of proof placed upon appellant by Rem. Comp. Stat., § 9697, is not sustained where three of four doctors agreed in the opinion that appellant's subsequent condition was not attributable to the accident, although they admitted a possibility to the contrary (PEMBERTON, J., dissenting).

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered October 6, 1922, upon appeal from the department of labor and industries, disallowing a claim for compensation. Affirmed.

*Burkey, O'Brien & Burkey,* for appellant.

*The Attorney General,* for respondent.

TOLMAN, J.—Appellant, a tree faller, was injured in the course of his employment, on January 9, 1922. His injury was classified by the department of labor and industries as temporary total disability, and he received compensation in accordance therewith until August 9, 1922, when the department closed the case.

Appellant duly appealed from the decision of the

[1]Reported in 218 Pac. 196.

department closing the claim, to the superior court for Pierce county, the county of his residence, claiming that he had suffered a permanent partial disability, and that, therefore, his compensation should have been continued. His allegations were denied by answer, and the case came on for trial before the court, sitting without a jury, resulting in a judgment dismissing his appeal, and affirming the order of the department, from which judgment he has appealed to this court.

There is nothing involved here but a question of fact which has been decided against the appellant by the department, and by the superior court; and since by statute the decision of the department is *prima facie* correct, and the burden of proof is placed upon one who attacks it, Rem. Comp. Stat., § 9697 [P. C. § 4481], we can only inquire whether or not appellant has sustained the burden thus cast upon him.

While the testimony of appellant and other non-expert witnesses has some bearing on the question involved, yet, in the main, the actual facts must be determined from the testimony of the medical witnesses. Four doctors testified upon the trial below. Three of them agreed in the opinion that appellant's condition, as it was found to be subsequent to August 9, 1922, was not attributable to the injuries caused by the accident, though admitting the possibility that the injuries received, and the loss of weight which occurred thereafter, might have contributed thereto. The fourth doctor expressed the opinion that appellant's then condition was due to the injuries; that the loss of weight was caused by the injuries, and was almost certainly a factor, though admitting the possibility that the condition complained of might have arisen from disease or some cause other than the injury received.

May we, in the face of the judgment of the trial court, who saw and heard these witnesses—to say nothing of the departmental decision—accept the opinion of the one against the three, or say that, because the three admit the possibility of a state of facts which in their opinion was not here present, we must accept the possibility as overweighing their opinions as to the actual facts? The statute plainly intends that we shall exercise no such power, and we are constrained to hold that appellant has not sustained the required burden of proof.

Judgment affirmed.

MAIN, C. J., FULLERTON, and PARKER, JJ., concur.

PEMBERTON, J. (dissenting)—Appellant was in good health at the time of the accident and for eight years prior thereto had been engaged in falling trees. The accident resulted in seriously bruising his side and back and fracturing the right pelvic bone, and appellant is now suffering from what is known as floating kidney. One of the doctors testified that this would result from the accident. The other doctors denied that a floating kidney would result from the accident, but admitted that, by reason of the fact that appellant had lost thirty-five pounds as a result of the accident and injuries, this loss of weight would have a tendency to make the kidneys fall. For the reasons stated in my dissenting opinion in the case of *Tomovich v. Department of Labor and Industries, post* p. 287, 218 Pac. 197, I dissent.