[No. 17821.  Department Two.  September 5, 1923.]

MIKE TOMOVICH, *Appellant,* v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent.*[1]

MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COM-
PENSATION ACT—REVIEW—EVIDENCE—SUFFICIENCY.  An appeal from
a decision by the department of labor and industries that appellant's
appendicitis was not the result of an accident, is not sustained by
the burden of proof that it was the result of the accident, where
medical experts stated a positive contrary opinion, although ad-
mitting a possibility thereof (PEMBERTON, J., dissenting).

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered October 6, 1922,
upon appeal from the department of labor and in-
dustries, disallowing a claim for compensation.  Af-
firmed.

*W. L. Sachse,* for appellant.

*The Attorney General* and *John H. Dunbar, Assist-
ant,* for respondent.

TOLMAN, J.—This case is very similar to that of
*Kavaja v. Department of Labor and Industries, ante*
p. 284, 218 Pac. 196.  Appellant was engaged in falling
and bucking logs for the same employer, and by rea-
son of the turning of a log on which he was standing,
he was obliged to jump, and in so doing fell and struck
his abdomen on a small log.  He immediately com-
plained of pain in the region of the blow, went to the
hospital the next day where he was examined, ice
packs were applied, and in a few days a case of ap-
pendicitis was found to exist, and later the appendix
was removed.  Other troubles and later operations
appeared to have followed therefrom.

[1]Reported in 218 Pac. 197.

The department denied appellant's claim for compensation on the ground that his disability was caused by disease, and not by injuries, and an appeal to the superior court followed. That tribunal, at the close of appellant's case, dismissed the appeal, and affirmed the order of the department. An appeal to this court followed.

It seems to be admitted that appellant actually had appendicitis, but it is contended in his behalf that the disease was induced by, or followed as a result of, the injuries. As in the *Kavaja* case, there was testimony as to the possibility that appendicitis might so develop, or that the injuries might have contributed thereto; but the evidence goes no further, and as we there said, in effect, we cannot hold that a mere possibility can prevail over the positively stated, contrary opinions of expert medical witnesses in such a matter so as to meet the burden of proof which the statute casts upon the appellant.

The judgment appealed from, therefore, must be and is hereby affirmed.

MAIN, C. J., FULLERTON, and PARKER, JJ., concur.

PEMBERTON, J. (dissenting)—I dissent. The testimony in this case shows that appellant, prior to his injury, was never sick a day, never took medicine, never had a pain in the region of the appendix, and that on the day on which he received his injuries he had performed hard manual labor by cutting through seven or eight logs seven or eight feet in diameter. At the time he received his injuries, he was taken to the hospital and the doctor made the following report to the department: "Lower abdomen tender to pressure and rigid. Strain of abdomen muscles, possible fracture of right rectus muscle." On March 5, the doctors performed a partial preparatory operation for appendicitis, and

on April 21 an operation was performed removing the appendix. Appellant left the hospital May 26 and was required to return on June 20, and underwent an operation for the removal of the gall bladder, and remained in the hospital until August 4, and returned to the hospital on November 21 and underwent an operation for hernia, and was there until November 23, 1921.

The doctors may disagree as to whether or not the condition of appellant was the result of his injuries. It is admitted, however, that, as stated by Dr. Hards, witness for the department,

"I am willing to state that, if he did receive a direct injury to the right lower abdomen, it might have caused appendicitis. In other words, there may be such a thing as traumatic appendicitis."

We have a man in every way physically strong, receiving an injury, and from that time on has undergone four operations and spent a large portion of his time in the hospital and the doctors concede that his condition may result from the injury; and in the face of this testimony the trial court and the department refuse to recognize his claim. The law takes away the common law right of the working man. It deprives him of the right of trial by jury, and should be liberally construed in the interest of the unfortunate working man who receives an injury. If appellant had a tendency to appendicitis, if this injury caused it to develop into acute appendicitis, he would be entitled to his compensation under the rule established in *Shadbolt v. Department of Labor and Industries,* 121 Wash. 409, 209 Pac. 683, wherein we said:

"Even though the appendix was diseased and in course of time would have ruptured without any ex-

ternal pressure, if its rupture was accelerated by such pressure, this would constitute an injury.''

We held, in the case of *Anderson v. Industrial Insurance Comm.*, 116 Wash. 421, 199 Pac. 747, that, where a workman cut his foot with an axe and the wound bled profusely, greatly weakening him, and, while in this condition, he was exposed to the inclement weather, resulting in pneumonia and his death, the pneumonia was the proximate result of the accident, and said:

''Nor is it necessary that the axe wound should have been of itself the cause of the death. It is sufficient if it was the proximate cause—the cause which directly set in motion the train of events which brought about the death.''

I therefore dissent.