[No. 23693. Department One. August 16, 1932.]

WILLIAM FRICH, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Lester Whitmore* and *Bixby & Neal,* for appellant.

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for respondent.

STEINERT, J.—This case had its origin in an injury to plaintiff while working in a lumber mill. A claim was filed with the department of labor and industries, on which, after investigation as to the extent of the injury, plaintiff was awarded compensation for two months' time loss and for permanent partial disability to the extent of two degrees. The departmental de-

[1]Reported in 13 P. (2d) 67.

cision was, upon rehearing and evidence taken, sustained by the joint board.

The plaintiff took an appeal to the superior court for Whatcom county, where a trial was had before the court, sitting with a jury. The cause was submitted upon the certified transcript of the testimony taken before the joint board and the certified departmental claim file. No additional testimony was taken at the trial. The jury made written answers to interrogatories submitted to them, and returned its verdict substantially increasing the amount of the award by the joint board. The defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. Both motions were sustained, and judgment entered accordingly. The plaintiff has appealed.

The appellant came from the state of Nebraska to the city of Bellingham, Washington, in August, 1929, being then about twenty-one years old. Prior to his coming to this state, he had been diagnosed as a congenital syphilitic and had been treated for syphilis at various times and places over a period of three years. Pimples and sores had at times manifested themselves on his legs, but later disappeared.

After arriving in Bellingham, the appellant obtained employment in a mill, where he continued to work until the time of his injury on April 26, 1930. While working around a block machine, his feet became entangled in a falling load of lumber, and as a result both feet and ankles were injured. His injuries responded favorably to treatment, and after seven or eight days he received no further medical administration in that respect. The attending physician, however, gave him, at the time, an injection for syphilis, from which he suffered a rather severe reaction. Because of the discomfort produced by the anti-syphilitic in-

jection, the appellant refused to take further treatment for the disease.

In July, his eyesight began to fail, and for a while he was totally blind. Being without funds, he was taken to the county hospital, where he was given further treatment for his syphilitic condition. This resulted in an improvement to his eyesight, although it is still much impaired. At the hearing before the joint board, appellant claimed that his ankles were still weak and swollen, causing him considerable pain and much difficulty in walking. He sought recovery both for the injury to his legs and for impaired vision.

Except for the finding of the department as to the extent of the injuries, the evidence, as shown by the record, discloses an utter lack of segregation of the disability caused by the injury from that caused by the disease. The testimony upon the vital issue was practically all from the lips of medical witnesses, and wherever it touched the point at all it was in accord to the effect that appellant's condition was due to the combined result of the injury and the disease. It will not be necessary to set out the testimony, either in full or by excerpt. A reading of the complete statement of facts establishes its conclusiveness upon that issue.

Chapter 132, Laws of 1929, p. 340, which is an amendment to the workmen's compensation act, provides in § 2, subd. (1), as follows:

"If it be determined by the department of labor and industries that an injured workman had, at the time of his injury, a pre-existing disease and that such disease delays or prevents complete recovery from such injury the said department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the diseased condition and/or the extent of permanent partial disability which the injury would have caused were it not for the disease, and award compensation only therefor."

Rem. 1927 Sup., § 7697, which makes provision for court review of the decision of the department of labor and industries, provides that,

"In all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same."

The court in its instructions quoted these provisions of the statute, and further advised the jury that it was its duty to segregate and determine the extent of the disability caused by the blow and the extent of the disability caused by syphilis or its aggravation, and to award allowance only for the disability caused by the injury independent of, and uninfluenced by, any pre-existing disease or aggravation thereof. The instructions were not excepted to and, in fact, are not now complained of. They therefore constitute the law of the case. *National Association of Creditors v. Grassley,* 159 Wash. 185, 292 Pac. 416; *Peters v. Union Gap Irrigation District,* 98 Wash. 412, 167 Pac. 1085; *Bullis v. Ball,* 98 Wash. 342, 167 Pac. 942.

This court has upheld the section of the statute which provides that the decision of the department shall be *prima facie* correct, casting the burden of proof upon the one who attacks it. *Marney v. Industrial Insurance Department,* 98 Wash. 483, 167 Pac. 1085. See, also, *Kavaja v. Department of Labor and Industries,* 126 Wash. 284, 218 Pac. 196; *Tomovich v. Department of Labor and Industries,* 126 Wash. 287, 218 Pac. 197; *Boyer v. Department of Labor and Industries,* 160 Wash. 557, 295 Pac. 737.

Since there was no evidence taken before the joint board or before the court refuting the medical testimony or segregating the disability caused by the injury from that caused by the disease, there is no basis

on which the verdict of the jury can properly rest. The court was therefore correct in granting the judgment notwithstanding the verdict.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HERMAN, and PARKER, JJ., concur.