[No. 25663. Department One. October 28, 1935.]

ALBERT STAHLY *et al., Respondents,* v. AMELIA D. EMONDS *et al., Defendants,* JACOB GOTTWIG *et al., Appellants.*[1]

*Bausman, Oldham, Cohen & Jarvis,* for appellants.

*F. C. Kapp,* for respondents.

MAIN, J.—This action was brought for a personal judgment, to have a real estate mortgage declared a prior and superior lien, and for the foreclosure thereof. The defendants Amelia D. Emonds, a spinster, E. V. Jahn and Esther Jahn, his wife, L. K. Brin and Josephine S. Brin, his wife, defaulted. The case went to trial before the court without a jury, between the plaintiffs and the defendants Jacob Gott-

[1]Reported in 50 P. (2d) 908.

wig and Lizzie Gottwig, his wife. The trial resulted in findings of fact from which the court concluded that the plaintiffs had a superior right under the mortgage. A personal judgment was entered against Miss Emonds and a judgment of foreclosure upon the property covered by the mortgage against the defendants Gottwig and wife, from which they appeal.

The facts necessary to present the controlling question here for determination may be summarized as follows: E. V. Jahn was engaged in the real estate and brokerage business in the city of Seattle. The respondent Mrs. Stahly had two thousand dollars which she desired to invest in a real estate mortgage and, looking to this end, went to see Jahn. He told her that he did not have such a mortgage at the time, but that he would let her know in a few days.

Subsequently, a transaction was closed by which Miss Emonds mortgaged a property improved by a dwelling house. April 15, 1925, Miss Emonds executed a note for the sum of two thousand dollars, payable to Mrs. Stahly within three years after date, with interest to be paid semi-annually. This note was secured by a mortgage upon the property mentioned. Mrs. Stahly delivered the two thousand dollars to Jahn and received the note and mortgage, which she kept for a period of about three years in a safe deposit box which she and her husband had.

In 1928, Mrs. Stahly took the note and mortgage to Jahn in order that they might be renewed, they being then due. Subsequently, the note and mortgage remained in the possession of Jahn, and he collected the interest thereon, no renewal at any time having been made. In 1932, the interest being in arrears and Mrs. Stahly not being able to get it from Jahn, she and her husband went out to the property covered by the mortgage, and there for the first time met

Mr. and Mrs. Gottwig. When inquiry was made about the interest upon the mortgage, Mr. Gottwig said that there was no mortgage upon the property, and that he and his wife owned it. Subsequently, the present action was brought for the purpose above stated.

The following transactions were had concerning the title to the property subsequent to the giving of the Emonds note and mortgage:

October 10, 1925, deed from Miss Emonds to Jahn, subject to the mortgage;

October 19, 1925, deed from Jahn and wife to L. K. Brin, subject to the mortgage;

September 17, 1928, deed from L. K. Brin and wife to Mrs. Stahly;

September 22, 1928, deed from Albert Stahly to Hannah K. Stahly, his wife;

September 27, 1928, satisfaction of the mortgage from Miss Emonds to Mrs. Stahly;

September 28, 1928, deed from Mrs. Stahly to Jacob Gottwig.

Mrs. Stahly denied executing a release of the mortgage or the deed from her to Mr. Gottwig; in fact, she denied any knowledge of the transaction, other than as above stated, which had to do with the note and mortgage and interest thereon. Mr. Stahly denied having executed the deed to his wife. When the property was purchased by Mr. Gottwig in 1928 and he received the deed therefor, he paid the sum of $2,200 in cash for it. This was paid to Jahn.

Upon the trial, testimony was received, over objection, as to conversations had with Jahn, the reason for the objection being that, inasmuch as Jahn had defaulted, his declarations were not admissible in evidence as against Mr. and Mrs. Gottwig. Even though the testimony, as claimed, was not admissible, it, nevertheless, was not prejudicial, because (a) it

had a very indirect, if any, bearing upon the vital
and controlling issue in the case; (b) the case, having
been tried before the court without a jury, is triable ·
here *de novo;* and (c) the trial court's oral opinion
at the end of the trial indicated that it did not place
any substantial reliance upon this questioned testi-
mony.

■ The controlling question in the case is one of
forgery; that is, whether Mrs. Stahly's name was
forged to the release of the mortgage and the deed
to Mr. Gottwig, and whether Mr. Stahly's name was
forged to the deed to his wife. This presents purely
a question of fact. Both Mrs. Stahly and Mr. Stahly
testified, unequivocally, that the signatures upon the
instruments mentioned were not theirs. As against
this testimony, Mr. and Mrs. Gottwig introduced two
experts on handwriting, both of whom testified that
the signatures in question were genuine. One of these
witnesses testified in great detail. The trial court,
after hearing the testimony, in the oral opinion at the
conclusion of the trial, said, with reference to the
Stahlys and the Gottwigs:

"I believe the parties plaintiff and the defendants .
Gottwig are honest, conscientious people. They have
been tricked into this condition of affairs confronting
me. I believe they have spoken truthfully also upon
the witness stand,—they and their witnesses."

In the formal findings, it was distinctly found that
the questioned instruments had been forged.

The record furnishes no reason why Mrs. Stahly
should have executed either the release of the mort-
gage or the deed, the mortgage not having been paid.
Even though the rule be as contended for by the ap-
pellants, a question which we do not decide, that
forgery must be established by evidence which is
clear and convincing, the evidence in this case, offered

by the respondents, meets the requirements of that rule.

Jahn, at the time of the trial, was serving a term in the state penitentiary at Walla Walla, and his testimony was not taken, either orally or by deposition.

It would serve no useful purpose here to attempt to review the evidence in detail, the question being one of fact. It is sufficient to say that, after reading and considering all of the evidence, we are of the view that it distinctly sustains the findings of the trial court, and that the names of Mr. and Mrs. Stahly were forged to the instruments mentioned.

There has been something said about Jahn being the agent of the respondents. It is true that he was the agent for the purpose of collecting the interest, and that he had possession of the note and mortgage, as indicated, but it cannot be inferred from this or from any other evidence in the case that he had a right to sign the name of Mrs. Stahly to the release of the mortgage and deed, or that of Mr. Stahly to the deed. The question in this connection is not whether Jahn would have had the right, under the facts stated, to have collected the principal of the mortgage. That question is not now before us.

Something has also been said in the briefs with reference to estoppel, but the record is barren of anything which can be invoked as an estoppel as against the respondents or either of them.

It is our opinion that the case was correctly decided by the trial court.

The judgment will be affirmed.

BEALS, STEINERT, GERAGHTY, and TOLMAN, JJ., concur.