[No. 26961. Department One. June 29, 1938.]

VIRGINIA COOPER, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 80 P. (2d) 830.

*F. W. Loomis* and *A. P. Wilson,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

HOLCOMB, J.—This appeal is from a judgment disallowing appellant's claim for a pension.

Appellant's husband, John M. Cooper, who will be designated as "decedent," had been in the employ of the Mason County Logging Company for more than twenty-five years, and was engaged by that company at the time of the alleged accident in the capacity of a donkey engineer. On Monday, April 8, 1935, while engaged in the discharge of his duties in an admittedly extrahazardous employment, decedent was struck with a donkey line across the back just below the shoulders. As a result, he suffered a small abrasion over his forehead and a bruise on his back. Appellant testified she observed a small scab on decedent's back the day before he passed away, but the physician who attended him testified that he stripped him to the waist, examined him carefully, both back and front, and did not observe anything which indicated to him there had been any injury.

After the line had struck decedent, he discontinued his work for about five minutes, then resumed and continued to work every day during the week until the following Friday, April 12th. On that day, he fainted and fell several times, and was taken home. April 13th, decedent made a professional call upon a physician. He informed the physician that he had been sick one day, that he had a chill, was nauseated, had vomited the day before, and had pains all over his body. The examination at that time of the attending physician dis-

closed that decedent had what appeared to be an inflammation in the bronchial tubes in the chest, a slight cough, and a few dry rales. The physician directed him to go to a hospital, which he did on April 13th. There the case was diagnosed as influenzal bronchial pneumonia. He passed away there April 20, 1935.

January 29, 1936, appellant filed a claim for a widow's pension with the department of labor and industries, claiming that decedent died as the result of an injury sustained in the accident hereinbefore mentioned. Five separate hearings to take testimony were held by examiners of the joint board at intervals commencing June 27, 1936, and concluding May 1, 1937. All of the evidence was taken before the examiners of the department and not before the joint board.

April 8, 1936, the supervisor of industrial insurance entered an order rejecting the claim for pension on the ground that the death of decedent was not the result of the injury alleged or of a trauma. Thereupon, appellant appealed to the joint board, which granted a rehearing, and after considering the entire record, sustained the order of the supervisor. Upon appeal to the superior court, the decision of the department was upheld, and claimant appeals.

A number of assignments of error are set forth, but they present only two questions: First, whether the evidence offered on behalf of appellant is sufficient to establish the fact that decedent died as a result of the injury; and second, whether the trial court erred in failing to rule separately in writing on each of the objections and exceptions on the part of the department and counsel for the respective litigants, made during the reception of testimony before the departmental examiners.

At the hearings before the joint board, a number of lay witnesses testified that decedent's health was

good until he was hit by the donkey line, but thereafter he became sick and pale; lost his erect posture; that his appetite was not good; that he could no longer climb the hill at the scene of the logging operations; and that he complained of a pain in his back.

While the testimony of non-expert witnesses has some bearing upon the question involved, yet the actual facts in the present situation must be determined mostly from the testimony of the medical witnesses. *Stevich v. Department of Labor & Industries,* 182 Wash. 401, 47 P. (2d) 32, and cases cited.

At the same hearings, a number of expert witnesses were examined. The medical testimony is not entirely harmonious. All of the physicians who testified agreed, however, that this trauma might have weakened decedent's resistance and have lowered his vitality. There was also unanimity of opinion among them to the effect that the medical profession recognized that a trauma of a certain character could produce pneumonia, but different views were entertained by the physicians as to whether this particular trauma caused the pneumonia from which decedent died.

Claimant called three physicians. One testified that the cause of decedent's death was traumatic pneumonia, but subsequently upon cross-examination he qualified this statement by pointing out that it is possible for a person who did not examine decedent during his lifetime to make only a reasonable, but not a positive, conclusion as to whether he would have had pneumonia regardless of the trauma. He concluded that the pneumonia was the most probable result of the injury.

One physician, called on behalf of claimant, testified that he would not attempt to fix the cause of decedent's death, since he had not seen him. He stated further that he could not say positively that the pneumonia

was the result of the injury, but observed that it would have been possible for this injury to cause his death.

Another physician testified influenza was the result of lowered vitality and impaired resistance brought on by this injury, and hence there was a connection between the injury and the subsequent development of pneumonia.

Respondent called four physicians. The attending physician testified there was nothing to indicate that anything caused pneumonia save the influenzal infection. Three other physicians testified in substance that there was no connection between the injuries received by decedent and the subsequent development of pneumonia, and that a trauma of this nature could not cause pneumonia.

Conceding that the numerical weight of the testimony is not decisive of this case, still the conclusion reached by the department must be sustained unless the evidence clearly preponderates against such conclusion.

It is true that this court is committed to the rule that the departmental decision does not have the same presumptive effect when such testimony is taken before examiners and a transcript thereof is presented to the joint board, that it does when the testimony is taken before one or more members of the board.

Under Rem. Rev. Stat., § 7697 [P. C. § 3488],

". . . the decision of the department shall be prima facie correct and the burden of proof shall be upon the party attacking the same . . ."

Even though this matter was heard before the examiners, the decision of the department is to be considered as *prima facie* correct, and the burden of proof still is upon the party attacking the same.

Before passing upon the sufficiency of the evidence, we shall consider the other error assigned,

namely, that the trial court erred in failing to rule separately in writing on the admissibility of the testimony taken before the joint board. Counsel summarized some of the salient facts in their argument to the trial court and submitted to it the departmental record without reading the same orally to the court.

The departmental record indicates the parties were accorded a just and fair hearing before the joint board. While the technical rules of evidence applicable to proceedings in the superior court would render much evidence admitted over objection inadmissible, the admission of this evidence before the examiner did not constitute error. *McKinnie v. Department of Labor & Industries,* 179 Wash. 245, 37 P. (2d) 218.

In trials without a jury, we may assume that the trial court considered only the competent evidence unless it clearly appears that inadmissible testimony was relied upon by the lower court in making its findings of fact, conclusions of law, and judgment. *Clark v. Parker,* 155 Wash. 624, 285 Pac. 652; *Stahly v. Emonds,* 184 Wash. 207, 50 P. (2d) 908.

Rem. Rev. Stat., § 7697, provides that upon appeal "the hearing shall be de novo." Since this matter is triable *de novo* on the record here, this court can and will disregard inadmissible evidence, and try the issue submitted upon evidence legitimately in the record. If there is sufficient competent evidence to sustain the trial court's findings and judgment, this court will not reverse a cause merely because there may have been some incompetent evidence submitted. *Stahly v. Emonds, supra.*

Testimony as to the possibility that the injury may have caused influenza and pneumonia to set in cannot prevail over the positive opinions of medical witnesses to the contrary so as to meet the burden of proof which the statute imposes upon appellant. *Tomovich v. De-*

*partment of Labor & Industries,* 126 Wash. 287, 218 Pac. 197.

After a careful review of the record and a study of the competent testimony upon which the claim for a widow's pension is predicated, and the extent of the familiarity of the expert witnesses with the injury, we are of the opinion that the preponderance of the evidence indicates that the contraction by decedent of pneumonia which resulted in death, was not occasioned by a trauma or the injury suffered, but was brought about by an entirely independent cause.

The judgment is affirmed.

MAIN, BEALS, GERAGHTY, and SIMPSON, JJ., concur.

[1]Reported in 80 P. (2d) 835.