[No. 27378. *En Banc.* August 24, 1939.]

EMMA LOUISE COLE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, E. C. MILLER CEDAR LUMBER COMPANY, *Appellant.*[1]

[1]Reported in 93 P. (2d) 413.

*L. B. Donley,* for appellant.

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for defendant.

*John Geisness* and *Newton C. McCoy,* for respondent.

STEINERT, J.—A claim for widow's pension under the workmen's compensation act was rejected by the supervisor and by the joint board of the department of labor and industries. On appeal by the claimant to the superior court, where the cause was reviewed by the court solely on the departmental record, the order of the department was reversed, and the claim was remanded to the joint board for further proceedings. The employer of the deceased workman has appealed.

The brief of the respondent widow opens with a motion to dismiss the appeal, upon two grounds.

The first ground is that appellant employer, a corporation, has no right of appeal, because it did not apply for a rehearing before the joint board according to the provisions of Rem. Rev. Stat., § 7697 [P. C. § 3488].

The employer was not aggrieved by the order of the supervisor; hence, there was no occasion for it to apply to the joint board for a rehearing. Likewise, the employer was not aggrieved by the final order of the joint board; hence, there was no occasion for it to appeal to the superior court. The widow was the aggrieved

party in both instances, and she alone had occasion to apply for a rehearing and to appeal. These steps she took. The statute contemplates but one rehearing before the joint board, and when that has been had and a final order has been entered by the board, the matter is closed so far as the department is concerned. *Albrecht v. Department of Labor & Industries,* 192 Wash. 520, 74 P. (2d) 22.

The second ground of the motion is that the employer did not become a party to the record because it did not petition to intervene. The employer participated in the hearings before the joint board and in the hearing before the court. It was an interested and active party, and was aggrieved by the judgment of the superior court. It, therefore, had the right to appeal to this court. *Hoff v. Department of Labor & Industries,* 198 Wash. 257, 88 P. (2d) 419. The motion is denied.

On the merits of the case, the sole question is whether or not the respondent has, by a clear preponderance of the evidence, overcome the presumption in favor of the correctness of the decision of the department.

Rem. Rev. Stat., § 7697, provides that, in all court proceedings under or pursuant to the workmen's compensation act, the decision of the department shall be *prima facie* correct, and the burden of proof shall be on the party attacking the decision. *Zankich v. Department of Labor & Industries,* 189 Wash. 25, 63 P. (2d) 427; *Russell v. Department of Labor & Industries,* 194 Wash. 565, 78 P. (2d) 960; *Cooper v. Department of Labor & Industries,* 195 Wash. 315, 80 P. (2d) 830; *Langford v. Department of Labor & Industries,* 195 Wash. 412, 81 P. (2d) 277; *Schraum v. Department of Labor & Industries,* 197 Wash. 336, 85 P. (2d) 262.

The facts, so far as they are undisputed, are these: On December 16, 1934, John Cole, an employee

of appellant, being engaged in extrahazardous employment, within the meaning of the workmen's compensation act, fell from a ladder a distance of about twelve feet onto and across the side of a fuel bin and severely injured his right arm in the region of the axilla, or armpit. At the time of the accident, Cole appeared to be a normal, healthy man. Following the accident, his arm became swollen and discolored, and varicosities developed around the shoulder and across a portion of the chest, indicating that, due to the injury to the axillary vein, nature had attempted to establish a return flow of the blood through the superficial veins.

From the time of the accident until about the middle of February, 1935, Cole worked only part time. The department thereupon allowed him compensation for time loss to the extent of twenty-three days, and later, in March, awarded him compensation for permanent partial disability to the extent of five degrees. The swelling was then gradually decreasing.

On April 26, 1935, Cole reported to his physician that he had tried to work, but could not do so on account of the pain. The swelling in the upper right arm had not then wholly disappeared.

Some time in May or June of that year, Cole developed what was described as a brassy cough. From May until October, and during such times as appellant's mill was in operation, Cole continued to work, but with some interruptions; his general health, however, progressively declined.

In October, Cole noticed a pulsating tumor in the upper part of his chest. His physician diagnosed it as an aneurism of the aorta, and ordered him to cease work entirely. On November 9th, Cole entered a hospital, and the following day the aneurism burst, resulting in the death of the patient.

Cole's widow filed a claim for pension January 27,

1936, and on April 17th, pursuant to an order of court, the body was exhumed, and a post-mortem examination was made by three physicians, of whom one was appointed by the department, one by the widow, and the third selected by the two appointees. At the conclusion of the autopsy, the commission of specialists made written findings of the discovery of a ruptured aneurism of the first part of the arch of the aorta and numerous sclerotic plaques extending down to the bifurcation of the abdominal aorta. They reported, as their anatomical diagnosis, rupture of an aortic aneurism, arteriosclerosis of the arteries, fibrosis and calcification and partial occlusion of the coronary arteries, and almost complete obliteration of the subclavian and right axillary vein. Relative to the cause of death, it was the opinion of the three specialists, as expressed in their report, that the aneurism preexisted the injury of December 16, 1934, that it was due solely to disease unrelated to trauma, and that the injury neither contributed to nor aggravated the preexisting condition.

Upon the rehearing before the joint board, considerable evidence was taken, consisting principally of the testimony of physicians, and the case is, therefore, peculiar in that the determination of the factual issue rests primarily upon the testimony of medical experts.

All of the physicians were in accord to the following extent: (1) That the death of the workman was caused by the bursting of the aneurism; (2) that the primary cause of aneurism is arteriosclerosis; and (3) that the facts disclosed by the autopsy were sufficient of themselves to account for the aneurism. The issue of fact comprehended in the legal question submitted to us is, therefore, narrowed to the single question whether or not the injury of December 16, 1934, was a causative factor in the formation or the aggra-

vation of the aneurism, resulting in the workman's death.

The attending physician, called as a witness by respondent, testified that he "believed" that there was a causal connection between the injury and the ruptured aneurism. Amplifying his statement, he said:

"Well, whether or not there was an aneurism there at the time of the injury is impossible for me to state. He had no indication of anything, so far as I knew, up until that time; but having an aneurism at that time, it would be my opinion that his death was hastened by the injury that he sustained to the aneurism."

He further testified that, as a medical matter, he would assume that Mr. Cole had a weakened arterial wall at the time of the injury; that a severe jar "might" temporarily increase the blood pressure and, as a result, further weaken the arterial condition; and that the "probable" effect of the jarring injury which he sustained on December 16, 1934, would be to further tend to weaken the arterial wall.

On cross-examination, the witness reiterated his statement that "there probably was some weakened condition there prior to that [the injury]." He conceded, however, that he had never taken the blood pressure of the workman and knew nothing about it. He further admitted that, in his practice, he had never known of an injury in the region of the arm or shoulder which, in his opinion, caused, contributed to, or aggravated an aneurism of the aorta.

Respondent's other physician witness, testifying in response to a hypothetical question, stated that, in his opinion, the accident would have had no effect upon a normally elastic aorta, but that a blow of sufficient intensity to cause damage to the axillary structures "might" cause damage to the arch of the aorta, par-

ticularly if it was not entirely normal in elasticity or size.

The substance of the testimony of these two witnesses included (1) an assumption of a prior weakened condition of the arterial wall, and (2) a conclusion that the jar consequent upon the injury "might" have accentuated the weakened condition and thus *probably* hastened the workman's death. The evidence was, at best, conjectural and speculative.

The appellant called, as witnesses, the three physicians who had performed the autopsy, and their testimony, in our opinion, more than balanced that of respondent's witnesses. To set forth the testimony of each in detail would largely be repetition. A summary of it will suffice.

They testified that, while aneurism might be caused by trauma, the blow would have to be directly in the region where the aneurism formed and would have to be of such terrific force as to break the bones; that, in this instance, the post-mortem showed no evidence of traumatic aneurism; that the blocking or obliteration of the axillary veins or the veins in the region of the shoulder would have no effect on the aorta; that the most common cause of aneurism of the aorta, almost to the exclusion of anything else, was disease, not injury; that Mr. Cole's arteries, particularly the aorta, were sclerotic to a marked and unusual degree; that the evidence of an existing disease was sufficient of itself to fully account for the aneurism; and that for anyone, even a medical witness, to say when an aneurism began, with reference to a date on which an injury occurred, without physical examinations and diagnoses being made both before and after such injury, would be purely speculative. From their knowledge upon the subject and from the examination made by them, it was their unqualified opinion

that the aneurism was the natural result of the advanced arteriosclerosis found in the aorta, and that the injury was neither a primary nor a proximate cause of the aneurism or of its fatal result.

It is not sufficient that a claimant show a mere possibility that the accident and its accompanying injury caused or contributed to the death of the injured person. The burden is on the claimant to show, by a preponderance of the evidence, that the injury was a proximate or a contributing cause of death. *Kavaja v. Department of Labor & Industries,* 126 Wash. 284, 218 Pac. 196; *Tomovich v. Department of Labor & Industries,* 126 Wash. 287, 218 Pac. 197; *Cooper v. Department of Labor & Industries,* 195 Wash. 315, 80 P. (2d) 830.

Our reading of the record convinces us that the preponderance of the evidence supports the findings and decision of the department. In any event, we cannot say, nor do we think that any court can say, that the evidence preponderates against the decision.

The judgment is reversed, with direction to the trial court to affirm the decision of the department.

SIMPSON, ROBINSON, and JEFFERS, JJ., concur.

MILLARD, J. (concurring) — The majority of the members of this court did not subscribe to the theory of the opinion in *State ex rel. Crabb v. Olinger,* 196 Wash. 308, 82 P. (2d) 865; two judges concurred in the result; three judges dissented. Subsequently, a majority of this court held in *Hoff v. Department of Labor & Industries,* 198 Wash. 257, 88 P. (2d) 419, that an employer had an unqualified right to appeal to this court in this class of cases. There must be finality some time. I concur in the opinion of Judge Steinert on the merits. The question of the employer's right of appeal is not now an open one.

MAIN, J. (dissenting)—Considering, along with the expert testimony, the fact that John Cole was a strong, healthy man, capable of doing hard work at the time of his injury, and the history of his condition from that time until the time of his death, I am of the view that the superior court correctly decided this case.

I therefore dissent.

BEALS, J. (dissenting)—The question of the right of an employer to prosecute an appeal to the superior and supreme courts from an award in favor of his injured workman is one of great importance and difficulty. In the case at bar, as stated in the majority opinion, the claim of respondent Emma Louise Cole, the widow of the deceased workman, was denied by the supervisor and by the joint board. On appeal to the superior court by the claimant, the departmental order was reversed, and the claim remanded to the department for further proceedings. The employer has prosecuted to this court an appeal from the judgment of the superior court. No appeal from that judgment by the department is before us.

Laws of 1911, chapter 74, p. 345 (Rem. Rev. Stat., § 7673 [P. C. § 3468]), the workmen's compensation act, in § 1, p. 345, by way of a preamble, states the purpose of the act, and provides that the state of Washington, in the exercise of its police and sovereign power,

". . . declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

The act as originally passed, and as amended, provides for appeals on the part of employers to the courts from departmental decisions; § 7697 [P. C. § 3488] being general, other sections being specific. The section referred to provides in part, referring to orders, decisions or awards by the department, that "any claimant, employer or other person aggrieved by any such order, decision or award must, before he appeals to the courts," etc. I have come to the conclusion that an employer is not *aggrieved* by a ruling of the department or a judgment of the superior court making an award to his injured employee, save in so far as that award may unjustly affect his cost experience and consequently increase the amounts which he is required to pay into the fund by way of premiums. Save as to that phase of the matter, the particular employer of the workman injured is no more aggrieved by an award in favor of the workman than is every other employer of labor in the same group with the employer in question, all of whom contribute to the particular fund, by way of premiums or assessments, sums sufficient to pay the employees of that group who are injured in the course of their employment.

In the case of *Mud Bay Logging Co. v. Department of Labor & Industries,* 189 Wash. 285, 64 P. (2d) 1054, and on rehearing, 193 Wash. 275, 75 P. (2d) 579, there was before this court an appeal by an employer, presenting a state of facts as follows: A workman in the employ of Mud Bay Logging Company was injured. The department allowed the workman compensation, and the department paid him the sum of $1,225, then charging four thousand dollars against the employer's cost experience. The employer sought relief before the joint board on account of the charge against its cost experience. The board accorded a hearing, but refused to grant any relief. The employer

then appealed to the superior court, which granted the employer relief, finding that the order making the charge against the employer's cost experience was erroneously entered and directing that the charge be canceled. From that judgment, the department appealed to this court. The judgment of the superior court was affirmed, this court holding that the employer had, under the law, the right to appeal to the superior court from the order of the joint board, above referred to.

It has many times been held that an opinion of an appellate court is controlling authority only upon the question actually decided, and manifestly, in the case referred to, there was no question of an appeal by an employer from an award to an injured workman, as the workman had received his money. The only question presented and decided was the right of the employer to contest, on appeal, the charge against his cost experience, which charge would tend to increase the payments which he would be required to make into the accident fund. The case was correctly decided; as, in so far as an improper award to a workman increased the amounts which the employer of that workman would be required to pay, over the amount he would have been required to pay had the award not been made, that particular employer was aggrieved by the order of the department. While the language of the opinion of this court on the rehearing of the case cited is very broad, and indicates that an employer generally has the right of appeal, the opinion is controlling authority only for the proposition that an employer may be "aggrieved" by an award by the department in favor of his injured workman, within the intent of § 7697, only in so far as the award may affect his cost experience and increase the contributions which he must make to the fund.

The opinion refers to the previous cases of *Brewer v. Department of Labor & Industries,* 143 Wash. 49, 254 Pac. 831, and *Seattle Can Co. v. Department of Labor & Industries,* 147 Wash. 303, 265 Pac. 739, as cases in which appeals by employers from department orders were not questioned. In the earlier of these cases, the workman appealed to this court from a judgment of the superior court sustaining the denial by the department of compensation for injuries, and this court affirmed the judgment appealed from, holding that the claimant was not an employee. The employer had intervened before the superior court, and had also appealed to this court from the judgment therein rendered. Concerning this phase of the case, we said:

"We have not considered the question whether the Hobi Logging Company, not having appealed within the time fixed by statute from a decision of the department of labor and industries, had a right thereafter to intervene in the superior court and become a party to the action, for the reason that the case is here upon its merits by Brewer's appeal. Upon the ruling of the trial court in permitting the intervention we express no opinion."

It seems to me clear that an employer may appeal from a ruling of the department, to the effect that an injured workman was or was not an employee, was or was not engaged in extrahazardous labor, or was or was not injured in the course of his employment. There was no question in the case concerning the right of the employer to appeal from an award in favor of an injured workman, as no award was ever made.

An employer may appeal to the courts from any ruling of the department on the matter of whether the workmen's compensation act applies in any particular situation. There are, of course, other specific provisions in the act giving an employer the right to appeal in the instances therein referred to, but in re-

gard to an award in favor of a workman, it seems to me that, under the act, the employer may appeal to the courts only as to questions which affect him particularly, and not as to the propriety of the award in the particular case, when that award affects him no differently, save in degree, than it affects other employers in the same class group.

In the second of the cases last cited, it appeared that three employees of the Seattle Can Company had contracted benzol poisoning. Claims based upon this poisoning were rejected by the department. The employer appealed to the superior court from the departmental ruling, and the personal representative of one of the employees, who had died as the result of the poisoning, also appealed. The superior court reversed the action of the department and remanded the cases for classification and award. The department appealed to this court from the judgment of the superior court, and the judgment was here affirmed. There was, then, no question of an appeal by the employer from an award made by the department. In my opinion, these cases throw no light on the question of the right of an employer to appeal from an award made by the department to an injured workman.

In the case of *Hama Hama Logging Co. v. Department of Labor & Industries,* 157 Wash. 96, 288 Pac. 655, an employer appealed from an order of the department rejecting the claim of a workman, the employer contending that the workman was within the protection of the industrial insurance law, and that his remedy was limited to the relief afforded by that statute. The department had ruled that the workman was without the protection of the law, and evidently the injured man was anxious to accept that ruling and sue the employer for damages. It was properly held

that the courts had jurisdiction to entertain an appeal by the employer from the departmental ruling, as the employer was aggrieved thereby and had the right to present to the courts the question of whether or not the workman was within the scope of the act.

In the case of *State ex rel. Crabb v. Olinger,* 191 Wash. 534, 71 P. (2d) 545, this court held that an employer, adversely affected by an order of the supervisor, could, under Rem. Rev. Stat., §§ 7697 and 10837 [P. C. §§ 3488, 4-79], apply for a rehearing before the joint board. The matter was presented to this court on an original application by the workman for a writ of mandate requiring the state auditor to issue warrants in favor of the workman in a sum which he alleged had been awarded to him by an order of the supervisor. The application for the writ was by this court denied, upon the ground that the matter was still pending before the department.

In the later case of *State ex rel. Crabb v. Olinger,* 196 Wash. 308, 82 P. (2d) 865, another application by the same injured workman for a writ of mandate requiring the supervisor to transmit vouchers to the state auditor in payment of an award, it appeared that the supervisor had made an award in favor of the workman, which award had been sustained by the joint board. The employer then appealed to the superior court, whereupon the supervisor refused, on demand of the workman, to pay the amount awarded by the department, contending that the employer's appeal to the superior court ousted the department of jurisdiction. On the foregoing state of facts, this court held that, under Rem. Rev. Stat., § 7697, the appeal by the employer did not operate as a stay. It was held that the application should be granted, and the writ was accordingly issued. In the course of the opinion, this court said:

"In the absence of a bond superseding the order of which the employer complains in the case at bar—in view of Rem. Rev. Stat., § 7697, granting the right of appeal by denying the right to supersede the order—relator may enforce payment by writ of mandamus. . . .

"The appeal granted to the employer does not, under the plain language of the statute, operate as a stay; therefore, the compensation awarded by the joint board should be paid without regard to the question whether the appeal of the employer may be successful. . . .

"To hold that compensation such as that awarded to the relator can be stayed pending judicial review on appeal by the employer from the order making the award, would nullify the very purpose of the compensation act to furnish certain, expeditious, and adequate relief to the injured workman."

Under the statute, the case was properly decided. On his appeal, the employer could still present to the court any question concerning the charge which the department could make against his cost experience. That was the only matter in connection with the award in which the employer could be aggrieved. Certainly, if the payment of an award to an injured workman, as held in the case last cited, cannot be stayed pending an appeal by the employer, such an appeal in many cases is a vain and useless gesture. In case of a continuing payment, such as a widow's pension, an appeal by the employer, if successful on the merits, would result in stopping the payments, but it seems unreasonable that the law should be so construed as to permit an appeal to defeat some awards and not others.

In the case of *Albrecht v. Department of Labor & Industries,* 192 Wash. 520, 74 P. (2d) 22, the department granted a claim for a widow's pension. The employer then petitioned the joint board for a rehearing, which the board granted. After the hearing had been

held, the joint board entered an order sustaining its previous ruling, to the effect that the pension be paid. From this last order, the employer appealed to the superior court. It was held that there was no statutory provision authorizing

" . . . an appeal to the joint board after it has made its final order upon an appeal from the supervisor; when the joint board hears an appeal on the question presented and makes a final order on the merits of the case, that case is closed;"

and the order of the superior court dismissing the employer's appeal was affirmed. It was apparently assumed that the employer had the right of appeal from the departmental order awarding the widow's pension —as, in my opinion, he did—in order to contest, if he desired, any charge against his cost experience based upon the award of the pension. The only question, however, determined by the decision was that the employer had not proceeded correctly in endeavoring to prosecute an appeal to the superior court from the order of the joint board.

In the recent case of *Hoff v. Department of Labor & Industries,* 198 Wash. 257, 88 P. (2d) 419, it appeared that the department denied an application on the part of an injured workman for the reopening of his claim on the ground that his condition had become aggravated since the claim had been closed. The workman appealed to the superior court, with the result that judgment was entered reversing the order of the department. The department and the employer took separate appeals to this court from the judgment of the superior court. On motion of the workman, the appeal of the department was dismissed, and the cause proceeded on the appeal of the employer. The respondent moved to dismiss this appeal, on the ground that the employer had not formally intervened in the cause

below, and for that reason was not a party to the record. In discussing this motion, this court stated that, by certain of its recent decisions, it had been held that an employer had a right of appeal to the courts in industrial insurance cases, citing several authorities. Assuming that the employer had a right of appeal, the motion to dismiss was properly denied.

In addition to the cases above referred to, the court, in support of the proposition that we have held that an employer may appeal, cited the cases of *State ex rel. Winningham v. Olinger,* 190 Wash. 697, 70 P. (2d) 317, and *State ex rel. Hills v. Olinger,* 193 Wash. 365, 75 P. (2d) 926. In the first of these two cases, this court reversed a judgment of the superior court directing that a writ of mandamus issue requiring the supervisor to approve a contract with a hospital association, holding that, before an appeal could be prosecuted to the superior court from any departmental action, resort must first be had to the joint board. The contract which was the subject matter of the action was one for medical aid. In my opinion, the case has nothing to do with the question of the right of an employer to appeal from the department to the courts in an attempt to review, on the merits, an award to an injured workman.

In the other of the two cases last referred to, which was an original application to this court for a writ of mandate, it appeared that the relator, in the course of his employment, suffered an injury for which he presented a claim, which was allowed and later closed. Thereafter, the claim was opened, and the claimant allowed an additional amount. Subsequently, the workman asked that his claim be reopened, on the ground that his injury had become aggravated. This application was denied, and an appeal was taken to the joint board, which ordered a hearing upon the matter

of aggravation. The joint board reversed the action of the supervisor, and directed that an additional amount be allowed, whereupon the employer requested that a further hearing be had, which request the department granted. The workman then instituted the proceeding by way of an application for a writ of mandate to require the supervisor to transmit to the state auditor a voucher in favor of the workman. This court assumed, without deciding, that the employer had no right to petition the department for a rehearing, but held that the department nevertheless had the right to grant a rehearing on its own motion. This court held that the matter was still pending before the department; that the claim had not been finally disposed of by the joint board; and that the relator was not entitled to the relief which he sought before this court. This case has no bearing upon the question of the right of an employer to appeal to the courts from an award in favor of a workman.

In the case of *Hoff v. Department of Labor & Industries, supra,* this court entertained and decided in favor of the employer an appeal from a judgment of the superior court entered in favor of the injured workman. It seems to me that this is the only one of our cases which is directly in point upon the matter of the right of an employer to prosecute such an appeal and obtain relief by way of the reversal of the award in favor of the workman. As I understand the other cases cited in the *Hoff* case, no one of them, in so far as the question therein actually decided was concerned, is direct authority for the proposition that an employer may prosecute such an appeal, and contest the award on the merits.

Undoubtedly, our decisions contain language which is thoroughly consistent with the theory that an employer may appeal to the courts and contest, on the

merits, an award by the department in favor of his injured employee. After careful consideration, however, I am convinced that an employer is not, within the purview of § 7697, a person aggrieved by an order of the department awarding compensation to his injured employee, in so far as the actual award is concerned, and that, on appeal to the courts from such an award by the department, the employer can contest only the charge against his cost experience, which follows as the result of the award made. In so far as the award itself is concerned, the employer is no more aggrieved, and in fact, if his payroll be small, he may be much less aggrieved, than other employers in the same group. Any question as to whether or not the injured workman is within the scope and protection of the act, and his remedy limited thereby, presents an entirely different situation.

The allowance to an employer of a general appeal on the merits, which would bring before the courts the basic question of the propriety of the award, appears wholly inconsistent with the rule laid down in the recent case of *State ex rel. Crabb v. Olinger,* 196 Wash. 308, 82 P. (2d) 865, where we held that an appeal by an employer from an award by the department in favor of his injured employee did not operate as a stay to delay the payment of compensation awarded by the department to the injured workman, and that such compensation must be paid pending the appeal, and without regard to the outcome thereof. Under the statute (Rem. Rev. Stat. (Sup.), § 7676, Laws of 1937, chapter 89, p. 345, § 1), the employer clearly has a right to appeal to the courts from any departmental determination as to his cost experience, and this right is nowise enlarged by holding that the employer may review that question on appeal under the right granted by § 7697; and careful study of this section convinces

me that an employer is not aggrieved by such award within the scope thereof, but is aggrieved within the intent thereof if, because of the award, an unjust and unwarranted addition to his cost experience is made by the department.

In my opinion, the different provisions of the statute concerning rehearings of decisions of the supervisor before the joint board, and providing for appeals to the superior court, are indefinite and ambiguous, and in construing these provisions, the entire statute, its clearly expressed purpose, and its orderly administration must be considered. Certainly, if an employer can appeal to the superior court from a departmental order awarding compensation to his injured workman, and contest before the courts the award on its merits, the matter of compensation to injured workmen is nowise removed from private controversy.

In my opinion, this court, in the case of *Hoff v. Department of Labor & Industries, supra,* should have considered only the question of whether or not the award to the workman should or should not be made the basis of a charge against the employer's cost experience. Section 7697 provides that "appeal shall lie from judgment of the superior court as in other civil cases," and appeals in other civil cases may be taken only by parties aggrieved by the judgment of the superior court. The jurisdiction of the superior court on appeals from the department is statutory, and, in my opinion, the only logical rule is that the employer is not aggrieved by any judgment in favor of the workman which the superior court may grant, save in so far as this judgment may affect his cost experience. The interest of the employer does not become, as to matters affecting an award to a workman under the act, essentially different in nature from his interest in the matter while the claim is pending before the de-

partment. Doubtless, the employer may and should cooperate with the department, both in departmental and judicial proceedings, but as the employer remains at all times a private party, and as, under the act, the matter of payment to an injured workman by way of an award on account of injuries received by the workman has been removed from private controversy, the employer at no stage of the proceedings becomes a person aggrieved, within the meaning of the act, by the making of an award.

Any controversy between a workman on the one hand and the department on the other is not, in essence, a private controversy, as the department is an agency of the state, provided for by statute to accomplish certain statutory purposes. The same is true as to any controversy between the employer on the one hand and the department on the other, concerning questions of law, but when the department, pursuant to its statutory authority, has made an award in favor of a workman, to allow the workman's employer to appeal from that award to the superior court and contest the same on the merits, presents a matter which, it seems to me, is purely one of private controversy. A workman may appeal from the department's denial of any award, or from the granting of what he considers inadequate relief, and the employer may appeal from a ruling of the department in favor of a workman, and present any question which may affect his cost experience; but to allow the employer to appeal from the award in favor of the workman, carries on what is no more than a private controversy between the workman and his employer.

If, after the making of an award by the department, the employer elects to appeal to the courts from the departmental ruling and challenge the award for the reason that the injured workman was not an em-

ployee, or that he was not engaged in extrahazardous employment, or that he was not injured in the course of his employment, or that, for any other reason, the workman was not within the protection of the act, or possibly for some other reason exclusive of the merits of the award itself (as admittedly the employer has the right to do), the employer, nevertheless, on appeal may obtain relief from the courts, as on appeal from the award itself, as above stated, only as to the matter of any charge against his cost experience, and may not obtain a review of the award itself on the merits.

As to whether or not an employer could appeal from an award and present on such appeal the contention that the award made was purely arbitrary and capricious and without foundation either in fact or in law, I express no opinion. No such question is presented in the case at bar.

As above stated, I am of the opinion that the same rule should apply to appeals from the superior court as applies to appeals from the department.

In the case at bar, in my opinion, the only question which the employer may urge upon his appeal to this court is whether or not the award which the judgment of the superior court provides shall be made should be charged against the employer's cost experience.

I agree with the majority opinion in holding that the preponderance of the evidence supports the findings and decision of the department, but, in my opinion, the relief granted by this court should be limited to a direction that the cost experience of appellant be not increased by the amount which respondent will receive.

GERAGHTY, J. (dissenting)—On the merits, I am of the opinion that the judgment of the trial court was correct and should be affirmed.

I am further of the view, for the reasons stated by Judge Beals, that, in any event, the judgment entered in pursuance of the majority opinion should be limited in its effect to the cost experience rating of the appellant corporation.

I therefore dissent.

BLAKE, C. J., concurs with GERAGHTY, J.