[No. 28297. Department One. August 15, 1941.]

MIKE RADICH, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Appellants*.[1]

[1]Reported in 115 P. (2d) 1022.

*The Attorney General, Edward S. Franklin, Harry L. Parr,* and *Roy A. Huse, Assistants,* for appellant Department of Labor and Industries.

*L. B. Donley,* for appellant E. C. Miller Cedar Lumber Company.

*Ray De Kraay,* for respondent.

MAIN, J.—This is an appeal by the department of labor and industries and the E. C. Miller Cedar Lumber Company, a corporation, from a judgment of the superior court reversing the order of the joint board in disallowing a claim for aggravation of an injury. The superior court not only reversed the order of the joint board, but allowed the claim in a substantial amount. No appearance has been made in this court by the respondent.

July 23, 1937, while employed by the lumber company, Mike Radich, the respondent, sustained an injury to his right eye while, as he stated in his report of the accident, he was at the time "feeding wood into oak feeder and stick flew up and hit me in right eye." August 3, 1937, the respondent filed a claim with the department on account of the injury. The supervisor of industrial insurance allowed the claim for medical treatment, and closed it without any allowance for time loss or permanent partial disability. From this disposition, no appeal was taken.

December 6, 1938, the respondent filed an application to reopen the claim on account of aggravation. The supervisor of industrial insurance disallowed the application for reopening, and an appeal was taken to the joint board. A rehearing was granted by that board, and the testimony was taken before an examiner in the usual way. At the hearing, the respondent testified that he was struck in the right eye, with great force, by a piece of wood about as large as a "kernel of corn."

The evidence shows that the wound was in the corner of the eye. He further testified that, at the time of the accident, he had two good eyes, but, at the time he filed his application to reopen, he was practically blind in the right eye. He stated that, about a month after the accident, he began to notice an impairment of his vision in that eye.

Two doctors testified, one called by the department and the other by the respondent. The one called by the department saw the respondent and treated his right eye shortly after the accident, and this doctor testified that the injury was slight, and that at that time the respondent had a cataract growing on his right eye. The doctor could not state how long the cataract had been there, but he said it had been there for some time "because those things are rather slow in developing. It might have been there a month or six months, perhaps." This doctor was asked the direct question as to whether he thought the cataract that he saw on June 24, 1937, could have been caused by an injury which the respondent had received on a previous day, and his answer was: "No, I don't think so."

The doctor called by the respondent testified that it was possible that the cataract was caused by the injury, and, in response to a further question, he said:

"It certainly is a possible cause because he has a normal left eye and gives a history of injury to the right eye, so I can't say that the most likely cause was trauma but it has to be admitted as a possible cause."

Both doctors testified that, at the time of the hearing, the respondent was, in effect, blind in the right eye.

In Rem. Rev. Stat., § 7697 [P. C. § 3488], which is one of the sections of the workmen's compensation act, it is stated that:

". . . In all court proceedings under or pursuant to this act the decision of the department shall be prima

facie correct and the burden of proof shall be upon the party attacking the same.  . . ."

Under that statute, the burden was on the respondent to overcome the order of the joint board disallowing the claim.

In the case of *Cole v. Department of Labor & Industries,* 200 Wash. 296, 93 P. (2d) 413, it is said that:

"It is not sufficient that a claimant show a mere possibility that the accident and its accompanying injury caused or contributed to the death of the injured person.  The burden is on the claimant to show, by a preponderance of the evidence, that the injury was a proximate or a contributing cause of death.  *Kavaja v. Department of Labor & Industries,* 126 Wash. 284, 218 Pac. 196; *Tomovich v. Department of Labor & Industries,* 126 Wash. 287, 218 Pac. 197; *Cooper v. Department of Labor & Industries,* 195 Wash. 315, 80 P. (2d) 830."

■  Whether the loss of the sight of the respondent's eye was caused by the accident or from a natural cause must be determined largely by the medical witnesses, though the testimony of the respondent has some bearing on the question.  *Kavaja v. Department of Labor & Industries,* 126 Wash. 284, 218 Pac. 196; *Eyer v. Department of Labor & Industries,* 1 Wn. (2d) 553, 96 P. (2d) 1115.

We are of the opinion that the testimony of the respondent in this case, to the effect that he had two good eyes at the time of the accident, that he was blind in the right eye at the time he filed his application to reopen, and that he noticed an impairment of his vision in the eye involved about a month after the accident, is not sufficient to overthrow the *prima facie* finding of the department and the testimony of the two doctors, one of whom testified that the cataract was on the eye at the time of the accident, and the other doctor, that the accident was the possible cause, and he declined to

say that it was a probable cause, under the rules stated in the cases above cited.

The judgment appealed from will be reversed and the cause remanded, with direction to the superior court to dismiss the appeal from the order of the joint board.

ROBINSON, C. J., BLAKE, SIMPSON, and DRIVER, JJ., concur.

