IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SUMMIT LEASING, INC., a Washington corporation, | ) ) ) | No. 33870-3-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| CHHATRALA EDES, LLC, a limited liability company; SHIVA MANAGEMENT, INC., a corporation; ASHISH PATEL, an individual; the marital community of ASHISH PATEL & JANE DOE PATEL, husband and wife; JENISH PATEL, an individual; and the marital community of JENISH PATEL & JANE DOE PATEL, husband and wife, | ) ) ) ) ) ) ) ) ) ) ) | |
| Appellants. | ) | |

SIDDOWAY, J. — Summit Leasing, Inc. was granted an early summary judgment in

this collection action, in which it seeks to recover amounts owed under an equipment

finance agreement with Chhatrala Edes, LLC (Edes), Shiva Management, Inc. (Shiva),

Ashish Patel, and Jenish Patel.

Ashish[1] contends his signature appearing on the finance agreement was forged,

and the entities have challenged Jenish's and Ashish's authority to contract on their

---

[1] We refer to Ashish and Jenish Patel by their first names to avoid confusion. We intend no disrespect.

behalf. Ashish and the entities submitted declarations demonstrating disputes over these material facts. Summit nonetheless persuaded the trial court that their declarations were conclusory, self-serving, and otherwise insufficient. We disagree, reverse the order granting summary judgment against Ashish and the two entities, and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Summit Leasing, Inc. brought this collection action for amounts that remained owing on equipment financed under a November 2013 written agreement with four "customers": Chhatrala Edes, LLC, Shiva Management, Inc., Ashish Patel, and Jenish Patel. Clerk's Papers (CP) at 12. Over $120,000 was owed. Summit sought to recover that amount, net of any proceeds of sale of the equipment it had repossessed, together with prejudgment interest and attorney fees.

A notice of appearance was filed in the action by attorneys for "Defendants." CP at 17. Two months later, a "Defendants' Answer" was filed. The defense lawyers later filed an amended notice of appearance that included a notice of withdrawal from any representation of Jenish.

Summit soon moved for summary judgment. It filed a declaration of Ken Mears, a Summit employee and custodian of its records, authenticating the equipment finance agreement and establishing the default and the amount owed. He also authenticated, as "related agreement documents" provided to Summit, a limited liability company

2

resolution for Edes that bears signatures of Jenish and Ashish as members, and a corporate resolution for Shiva that bears signatures of Jenish and Ashish as corporate officers. CP at 30-38.

The defendants other than Jenish—the present appellants—responded by contending that Jenish alone had procured the finance agreement, that he procured it for his own benefit, and that he, or someone else, had forged Ashish's signature. According to Edes, Shiva, and Ashish, Jenish was not authorized to enter into the finance agreement on behalf of Edes or Shiva.

The evidence submitted in opposition to the summary judgment motion included a declaration by Ashish, which stated in relevant part:

> I do not recall the equipment finance agreement as Plaintiff alleges (Exhibit 1 to Mr. Mears' declaration). To the best of my knowledge, I did not enter into that agreement, which would make little sense for me to do so for the reasons stated below.
>
> To my knowledge, I was not presented that document and if my signature is on it, it was forged or the result of fraud. I also have no recollection signing the limited liability and corporate resolutions attached as Exhibits 2 and 3 to Mr. Mears' declaration. I did not sign those, and if my signature is on those documents, it was forged, or the result of fraud. I am not Vice-President of Shiva Management, Inc. or a member of Chhatrala Edes, LLC.

CP at 57.

The defendants also submitted a declaration of Hemant Chhatrala, who stated he was the president of Shiva as well as the managing member of the entity that was the managing member of Edes. He stated that Jenish, his nephew, "was not (and is not)" a

3

corporate officer or member of Shiva. CP at 60. He stated that Jenish was "never" the president or a member of Edes. *Id.* He asserted that Jenish had "created a phony operating agreement stating he was the managing member" of Edes. *Id.* He also stated that Ashish "was not (and is not) a member or Managing Member or Vice-Pres[id]ent of Shiva or Edes" and "did not have authority to enter into resolutions of any kind on Edes and Shiva's behalf." CP at 61.

In reply, Summit's lawyer filed a supplemental declaration to which he attached what he said were true and correct copies of documents produced by the California secretary of state in response to a request for all corporate documents filed by Edes and Shiva.[2] They consisted of the following:

- A Statement of Information for Shiva filed in November 2011 that identified the corporation's officers and registered agent. Ashish was not identified as an officer or agent. Jenish was identified only as agent for service of process. Hemant Chhatrala was identified as chief executive officer.

- A Statement of Information for Shiva filed in October 2014 in which Hemant Chhatrala was now identified as having replaced other family members in all officer positions and as agent for service of process.

- An Application to Register a Foreign Limited Liability Company filed in September 2012 that indicated that Edes had been formed in Delaware days before and that identified Jenish as its agent for service of process.

- A Statement of Information for Edes filed in October 2014, that identified Hemant Chhatrala as its sole manager as well as its agent for service of process.

---

[2] The equipment financed was to be used and would be located in a project in Oakland, California.

Finally, in reply, Summit submitted a declaration of Craig Kupp, another of its employees, who stated that before entering into equipment finance agreements, Summit performs due diligence on customers that includes reviewing state corporation records and requiring its customers to present documents establishing the authority of the individuals who will be signing on their behalf. He authenticated documents from Summit's due diligence files on the Edes/Shiva/Patel financing that collectively portrayed Edes and Shiva as part of a group of hospitality corporations initially owned and controlled by three brothers—Hemant Chhatrala, Ashvin Patel, and Shailesh Patel—but some ownership and management of which was now held by a second generation: Ashvin's sons Jenish and Sarjan Patel, and Shailesh's son Ashish. Mr. Kupp authenticated the following documents from Summit's due diligence file on the Edes/Shiva/Patel financing:

- Screen shots from the California secretary of state's website taken shortly before the finance agreement was executed, showing Jenish as agent for service of process;
- Corporate resolutions of Shiva and Edes purporting to reflect changes in ownership of the two entities, with Ashish and Janesh acquiring ownership interests within the year prior to the Summit finance transaction;
- An investment opportunity packet for a project being undertaken by the "Chhatrala Group," characterizing the related entities as involving two generations of the family, with Jenish serving as chief investment officer and Ashish serving as chief development officer;
- A certificate of liability insurance showing Shiva, Edes, and Jenish as insureds under a multi-million dollar policy covering the project for which equipment was being financed; and

■ A copy of a check drawn on an Edes account provided to Summit for automatic payment purposes, bearing the signature of Jenish.

At the hearing on summary judgment, Summit characterized the declarations of Ashish and Hemant Chhatrala as self-serving, conclusory and otherwise insufficient to raise a genuine issue as to forgery or unauthorized execution on behalf of Edes and Shiva. It argued that the defense declarations could not overcome an admission in the defendants' answer or the authority of Jenish and Ashish reflected in the due diligence materials in Summit's files. It argued that the defendants had failed to "prove" their assertions about Jenish's and Ashish's lack of authority with supporting documents. Report of Proceedings (RP) at 6.

For their part, Edes, Shiva, and Ashish challenged Mr. Kupp's authentication of the due diligence documents, since he had no personal knowledge of the Chhatrala entities' ownership and control at relevant times.

After hearing the argument of counsel, the court granted summary judgment to Summit against all of the defendants. Only Edes, Shiva, and Ashish appeal.

## ANALYSIS

An order granting summary judgment is reviewed de novo, "considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate where there is no genuine issue of material fact and the

6

moving party is entitled to judgment as a matter of law. CR 56(c). "[W]hen reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

The evidence presented with Summit's reply demonstrates that Jenish and/or Ashish might have had the actual or apparent authority to bind Edes and Shiva to the equipment finance agreement. Edes, Shiva, and Ashish argue that Mr. Kupp lacked the personal knowledge required to authenticate the corporate and LLC resolutions attached to his declaration and that the court erred in considering them—an argument we turn to first, and reject in part.

### *I. The corporate and LLC resolutions attached to Mr. Kupp's declaration were admissible for a limited purpose*

Edes, Shiva, and Ashish argue that the corporate and LLC resolutions attached to Mr. Kupp's declaration as exhibits 3, 4, and 5 are inadmissible because Summit did not properly authenticate them.

Documents submitted through an affidavit must be authenticated under ER 901 to be admissible. *Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co.*, 122 Wn. App. 736, 745, 87 P.3d 774 (2004). Under ER 901(b)(1), "[a] document can be authenticated with the testimony of a witness with knowledge that the document is what it claims to be." *Burmeister v. State Farm Ins. Co.*, 92 Wn. App. 359, 366, 966 P.2d 921 (1998).

7

"Statements in a declaration based on a review of business records satisfy the personal knowledge requirement of CR 56(e) if the declaration satisfies the business records statute, RCW 5.45.020." *Barkley v. GreenPoint Mortg. Funding, Inc.*, 190 Wn. App. 58, 67, 358 P.3d 1204 (2015), *review denied*, 184 Wn.2d 1036 (2016). Mr. Kupp's authentication of exhibits 3, 4, and 5 satisfies RCW 5.45.020 because his declaration meets the statute's requirement that he testify to the identity and mode of preparation of Summit's due diligence file and that it was prepared in the regular course of business, at or near the time of the finance transaction.

"A business record is admissible only in so far as it represents a record of a contemporaneous act, condition or event." *Young v. Liddington*, 50 Wn.2d 78, 84, 309 P.2d 761 (1957). Exhibits 3, 4, and 5 are admissible only insofar as they represent a portion of Summit's record of documents it obtained in its due diligence process. They are not admissible as true records of Edes and Shiva or as evidence of the events they purport to record. The trial court did not abuse its discretion if it considered the resolutions for this limited purpose, and we consider them only for this limited purpose in our de novo review.

*II. The appellants' opposition materials were not insufficient*

If Ashish's signature was forged, he is not liable. And if Ashish and Jenish lacked actual or apparent authority to enter into the equipment finance agreement on behalf of Edes and Shiva, then those entities are not bound. Summit recognizes this in theory, but

8

advances several arguments why the defense evidence comes too late or is insufficient. We reject its arguments.

### A. The defendants' answer did not make a binding admission that the agreement was authorized or that the signatures were valid

CR 56(c) provides that summary judgment "shall be rendered forthwith" if, among other matters, "the pleadings . . . and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summit contends that the defendants' answer to paragraph 3.2 of its complaint is a binding admission that Ashish signed the finance agreement. Summit alleged:

> 3.2    On or about November 1, 2013 [Edes, Shiva, Ashish, and Jenish, among others], as borrowers, entered into an equipment finance agreement . . . with Summit for the purchase of certain commercial equipment.

CP at 4. The defendants answered:

> 3.2    Admit the agreement attached as Exhibit 1 was signed, however, it was signed October 30, 2013. As to the terms, the agreement speaks for itself. Any allegations not admitted herein are denied.

CP at 21.

As Edes, Shiva and Ashish point out, the defendants' answer admits only that the agreement "was signed," it does not admit that *they* signed it. They did not admit the critical allegation of paragraph 3.2 that "Defendants, as borrowers, *entered into an equipment finance agreement* . . . with Summit." CP at 4 (emphasis added). Rather, they

9

said, "Any allegations not admitted herein are denied." CP at 21. Fairly read, the defendants' admission is only to the fact that the agreement was signed by someone—an unhelpful and undisputed fact.

Summit also argues that the claim of forgery came suspiciously late. The fact that the defendants did not claim a forgery earlier may be cross-examination material, but as a fact that bears on credibility, it is not a basis for summary judgment.

### B. Ashish's declaration was not "conclusory" and thereby insufficient

Summit contends Ashish's declaration asserting his signature on the Summit agreement and supporting resolutions was forged is conclusory and thereby insufficient to avoid summary judgment. In meeting its summary judgment burden, a nonmoving party must "set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986); CR 56(e). "Ultimate facts or conclusions of fact are insufficient. Likewise, conclusory statements of fact will not suffice." *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988) (citation omitted).

"Conclusory" is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." BLACK'S LAW DICTIONARY 351 (10th ed. 2014). For a person to say only that his signature appearing on a document is a

10

forgery, without explaining why he knows or believes that to be true, is conclusory. But Ashish made additional statements of underlying fact. He stated, "I do not recall the equipment finance agreement"; "To the best of my knowledge, I did not enter into that agreement"; "To my knowledge, I was not presented that document"; and "I did not sign [the limited liability and corporate resolutions] attached as Exhibits 2 and 3 to Mr. Mears' declaration." CP at 57. The fact that Ashish does not always express certainty is not fatal; a question of fact can be raised by a recollection that is not absolutely certain.

The underlying facts contained in Ashish's declaration are sufficient to raise a genuine issue of material fact as to whether the signatures are his. *Cf. Stahly v. Emonds*, 184 Wash. 207, 210, 50 P.2d 908 (1935) (whether the plaintiff's name was forged "presents purely a question of fact").

### C. *Mr. Chhatrala's and Ashish's declarations were not deficiently "self-serving"*

The trial court appears to have been persuaded to grant summary judgment principally by Summit's argument that the defendants' "self-serving" declarations about Jenish's and Ashish's lack of authority could not overcome the documentation in Summit's due diligence file. RP at 2. Summit relied below and continues to rely on appeal on *Marshall v. AC&S, Inc.*, 56 Wn. App. 181, 782 P.2d 1107 (1989).

In *Marshall*, medical records established that the plaintiff's physicians had determined in 1982 that his respiratory illness had been caused by exposure to asbestos

11

and that plaintiff's claim for worker's compensation indicated he became aware of his illness in 1982. When deposed, the plaintiff

> stated unequivocally that he had been told he suffered from asbestosis by a doctor at Harborview [Medical Center] on his first trip there. The only uncertainty he expressed concerned the date of that visit, which he stated was in "'82 or '83."

*Id.* at 183 (internal quotation marks omitted). Later, however, and faced with a motion for summary judgment on statute of limitations grounds, the plaintiff submitted an affidavit in which he now contended that he was not told he had an asbestos related disease until 1985. *Id.* The appellate court affirmed summary judgment, citing the principle that "'[w]hen a party has given clear answers to unambiguous [deposition] questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Id.* at 185 (second alteration in original) (quoting *Van T. Junkins & Assocs. v. U. S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)).

This case is distinguishable. Jenish's and Ashish's authority to bind Edes and Shiva presents an issue of agency, and an agent's authority to bind his principal may be of two types: actual or apparent. *King v. Riveland*, 125 Wn.2d 500, 507, 886 P.2d 160 (1994). The summary judgment record in this case does not include undisputed, admissible documentary evidence of actual or apparent agency or any prior sworn

12

admissions by Edes and Shiva that are now merely contradicted, without explanation, by Ashish's and Mr. Chhatrala's declarations.

On the issue of *actual* authority, the entities have presented evidence of a genuine issue of disputed fact. "Actual authority may be express or implied. Implied authority is actual authority, circumstantially proved, which the principal is deemed to have actually intended the agent to possess." *Id.* Mr. Chhatrala's declaration states he is the principal executive for both Edes and Shiva. His testimony as to Ashish's and Jenish's lack of authority to contract for the entities is sufficient to defeat summary judgment.

On the issue of *apparent* authority, the apparent authority of Ashish and Jenish to bind Edes and Shiva will be established only if the representation to Summit that they had authority was made by someone authorized to act for Summit.

> An agent has apparent authority to act for a principal only when the *principal* makes objective manifestations of the agent's authority to a third person. . . . Manifestations of authority by the purported agent do not establish apparent authority to act.

*Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 555, 192 P.3d 886 (2008) (citations omitted) (internal quotation marks omitted). Mr. Kupp's declaration is silent as to who provided Summit with the records in its due diligence file. If Summit can establish beyond dispute that the documents were provided by, say, Hemant Chhatrala, apparent authority might be demonstrable. If it can establish only that the documents were provided to it by, say, Jenish, then questions of fact remain.

13

Both parties request attorney fees under RAP 18.1(a) and under paragraph 15.0 of the equipment finance agreement, which provides for Summit's recovery of attorney fees in the event of default. Such provisions are made bilateral by RCW 4.84.330. Because any award of attorney fees to the prevailing party must await the final outcome of the parties' dispute, both parties' requests are denied. *Wash. Prof'l Real Estate, LLC v. Young*, 163 Wn. App. 800, 819, 260 P.3d 991 (2011).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, C.J.